UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

VICTORIANO TAVAREZ, Individually, and          :          Civil Action No.: 1:21-cv-09916-JPO
On Behalf of All Others Similarly Situated,     :
                                                :
                              Plaintiff,        :
                                                :
              vs.                               :
                                                :
                                                :
EXTRACT LABS INC.,                              :
                              Defendant.         :
                                                :
                                                :
———————————————————— x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**<u>MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Pages**

I.     INTRODUCTION…………………….………………………………...1

II.    STATEMENT OF FACTS…………………………………………...3

III.   LEGAL STANDARDS……………………………………………...5

    A.  Standard On a Motion Pursuant to
    Fed. R. Civ. P. 12(b)(1)…………………………………………5

    B.  Standard for Article III Standing ………………………………6

    C.  Standard on a Motion Pursuant to
    Fed R. Civ P. 12(b)(6)…………………………………………7

IV.    ARGUMENT………………………………………………………...7

    A. This Court has Subject Matter Jurisdiction ………..………..……...8

       i.     Defendant has Failed to Present Admissible
           Evidence that the Website is
           Complaint……………………………………………8

       ii.    Defendant's Website is Not Compliant........………………....9

       iii.   The Complaint Properly Pleads an
           "Injury-in-Fact"........……………………………………....12

    B. The Complaint's NYCHRL Claim Survives as Well………..………15

V.     CONCLUSION……………………………………...………..………………...15

**TABLE OF AUTHORITIES**

**Pages**

**CASES**

*Allen v. Wright*, 468 U.S. 737, 104 S.CT. 3315, 82 L.Ed. 2d 556 (1984) .................................... 5

*Angeles v. Grace Prods.*, 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317
    (S.D.N.Y. Sept. 23, 2021) ............................................................................... 11, 14

*Bassaw v. United Indus. Corp.*, No. 19-CV-7759 (JMF), 2020 U.S. Dist. LEXIS
    157800 (S.D.N.Y. Aug. 31, 2020) ................................................................. 5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................... 7

*Camacho v. Vanderbilt Univ.*, 18 Civ. 10694, 2019 U.S. Dist. LEXIS 209202
    (S.D.N.Y. Dec. 4. 2019)................................................................................. 3, 14

*Cortec Industries, Inc., v. Sum Holding L.P.*, 949 F.2d 42 (2d. Cir. 1991) ................................. 16

*De La Rosa v Lewis Foods of 42nd St.,* 124 F. Supp.3d 290, S.D.N.Y. 2015) .............................. 3

*Del-Orden v. Bonobos Inc.*, 17 Civ. 2744 (PAE) 2017 U.S. Dist. LEXIS 209251
    (S.D.N.Y. Dec. 20, 2017).................................................................................. 12

*Diaz v. Kroger Co.*, 18 Civ. 7953 (KPF), 2019 U.S. Dist. LEXIS 93177 (S.D.N.Y.
    June 4, 2019)..................................................................................................... 11

*DiFolco v. MSNBC Cable LLC*, 622 F.3d 104 (2d Cir. 2010)...................................................... 8

*Dominguez v. Grand Lux Café LLC*, No. 19-cv-10345 (MKV), 2020 U.S. Dist.
    LEXIS 109679 (S.D.N.Y. June 22, 2020) .......................................................... 3

*Feltzin v. Stone Equities LLC*, CV 16-6457, 2018 U.S. Dist.  LEXIS 22870 (E.D.N.Y.
    Feb. 8, 2018) ..................................................................................................... 13

*Feltzin v. Triangle Props. #1, LLC*, 14-cv-5131 (JMA) (ARL), 2016 U.S. Dist.
    LEXIS 192861 (E.D.N.Y. Dec. 15, 2016) ........................................................ 13

*Gregory v. Daly,* 243 F.3d 687 (2d Cir. 2001) ............................................................. 5

*Guglielmo v. Neb. Furniture Mart, Inc.*, 19 Civ. 11197 (KPF), 2020 U.S. Dist. LEXIS
    2387097 (S.D.N.Y. Dec. 18, 2020)..................................................................... 11

*Hecht v. Magnanni, Inc.*, 1:20-cv-05316 (MKV), 2022 U.S. Dist. LEXIS 60836
    (S.D.N.Y. Mar. 31, 2022) ............................................................................... 9, 11

*Jaquez v. Dermpoint*, 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067 (S.D.N.Y. May 20, 2021) ................................................................................................... *passim*

*Kreisler v. Second Ave. Diner Corp.*, No. 10 Civ 7592 (RJS), 2012 U.S. Dist. LEXIS 129298 (S.D.N.Y. Sept. 10, 2012) ....................................................................... 15

*Lanier v. Bats Exch., Inc.*, 838 F.3d 139 (2d Cir. 2016) ................................................. 7

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) ........................... 16

*Mercer v. Jericho Hotels, LLC*, 19-CV-5604 (VSB), 2019 U.S. Dist. LEXIS 199897 (S.D.N.Y. Nov. 18, 2019) ........................................................................................ 11

*Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63 (2d Cir. 2012) ....... 5

*Paguada v. Malibu Wellness, Inc.*, 1:22-cv-01840 (CM), Docket No. 14 (S.D.N.Y. May. 11, 2022) ...................................................................................................... 1, 6

*Paguada v. YieldStreet, Inc.*, 20 Civ. 9254 (LGS), 2021 U.S. Dist. LEXIS 202311, (S.D.N.Y. Oct. 20, 2021) ......................................................................................... 11

*Quezada v. U.S. Wings, Inc.*, 20 Civ. 10707, 2021 U.S. Dist. LEXIS 234057 (S.D.N.Y. Dec. 7, 2021) ....................................................................................... 6, 11

*Romero v. Zip Top, LLC*, 20-cv-10189 (LJL) (Aug. 13, 2021) ...................................... 3

*Sanchez v. Nutco, Inc.*, 20-cv-10107, 2022 U.S. Dist. LEXIS 51247 (S.D.N.Y. Mar. 22, 2022) ............................................................................................................ *passim*

*Sanchez v. Welcome Skateboards, Inc.*, 1:21-cv2598 (KPF), Docket No. 35 (S.D.N.Y., Jan. 27, 2022) ...................................................................................... *passim*

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) .............................. 6

*Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar 21, 2019) .......................................................................................... 7

*Sullivan v. Study.com LLC*, No. 18 Civ. 1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar. 21, 2019) ........................................................................................ 12

*Takeda Chem. Indus. v. Watson Pharm., Inc.*, 329 F. Supp. 2d 394 (S.D.N.Y. 2004)........ 8

*Thorne v. Formula 1 Motorsports, Inc.*, 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS 220080  (S.D.N.Y. Dec. 19, 2019)................................................................................ 7

*TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, (2021) ................................................... 5

*Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849 (W.D.N.Y. Mar. 30, 2022).................................................................................... 16

*Wu v. Jensen-Lewis Co.*, 345 F.supp.3d 438 (S.D.N.Y. 2018) ...................................................... 8

**STATUTES**

 42 U.S.C. § 12181 *et seq.* ..................................................................................... *passim*

 N.Y.C. Admin. Code § 8-101, *et seq.* ................................................................................5

**RULES**

 Fed. R. Civ. P.  12(b)(1), 12(b)(6) ............................................................................ *passim*

Plaintiff Victoriano Tavarez ("Plaintiff") respectfully submits this memorandum of law in opposition to defendant Extract Labs Inc., ("Defendant") motion to dismiss ("Motion to Dismiss").

## I.    INTRODUCTION

The Motion to Dismiss should be denied in its entirety, as it is an improper summary judgement motion masquerading as a motion to dismiss that consists entirely of rehashed arguments that this Court already rejected in multiple decisions (which Defendant appears to have glossed over or ignored outright).

As this Court has already ruled, whether a website is, in fact, compliant under the Americans with Disabilities Act of 1990 ("ADA") a factual dispute that cannot be resolved at the motion to dismiss stage when there is competing evidence regarding a website's accessibility. *See Sanchez v. Nutco, Inc*., 20-cv-10107, 2022 U.S. Dist. LEXIS 51247, at *9 (S.D.N.Y. Mar. 22, 2022). More recently, in *Paguada v. Malibu Wellness, Inc.*, 1:22-cv-01840 (CM), Docket No. 14 (S.D.N.Y. May. 11, 2022), Senior Judge McMahon ruled in an ADA website-accessibility action – where (as here) defendant argued a lack of subject matter jurisdiction – that:

> The fact that your website is accessible is <u>NOT</u> a challenge to subject matter jurisdiction. If true it is a basis to win the lawsuit on the merits. This court has subject matter jurisdiction in lawsuits brought under the ADA-even meritless ones. (Emphasis in original). [1]

Here, Plaintiff's claim is far from meritless, as it is supported by both expert analysis from the same expert as in *Nutco*, (as is explained infra) and by the well-pled allegations in the First Amended Class Action Complaint ("FACAC"). [2]   By contrast, Defendant's assertion that it is

---

[1]    A true and correct copy of the Court's decision in *Malibu* is attached as Exhibit A to the Declaration of Edward Y. Kroub in support of Plaintiff's opposition to Defendant's Motion to Dismiss ("Kroub Decl.").

[2]    "¶__" means a citation to paragraph numbers in the FACAC. "Def. Mem." refers to Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss (ECF No. 22).

compliant is supported by the legally insufficient argument that the website has been redesigned, and impermissible extrinsic evidence. But even if this were proper for the Court to consider, just as in *Nutco*, Plaintiff's own expert report directly contradicts Defendant's assertion that the website is compliant. As such, Defendant has not presented sufficient evidence that the website is compliant.

Indeed, the FACAC properly pleads all the appropriate facts necessary to support a proper claim of injury under the ADA.  Again, as this Court has already stated, a website-accessibility complaint need not "contain detailed factual allegations" to survive a motion to dismiss. *See Jaquez v. Dermpoint*, 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at *4 (S.D.N.Y. May 20, 2021).  Nonetheless, the FACAC alleges four specific barriers on Defendant's Website (defined below) that impeded Plaintiff's ability to make an informed choice or prevented him from completing a purchase there. ¶2(a)-(d).  Defendant's response is too clever by half, seeking to turn the word "*caused*" into a totemic element of a well-pled complaint. Def. Mem at *2 (emphasis original). This is pedantic obfuscation – as this Court has held, a plaintiff states a valid injury under the ADA and satisfies standing by pleading they are not able to utilize website functions because they are "not compatible with [plaintiff's] screen reading software." *Nutco*, 2022 U.S. Dist. LEXIS 51247 at *5.

As Defendant's argument is legally improper and factually deficient, Defendant must resort to "unbecoming name calling" by repeatedly insinuating that there is something sinister about the number of lawsuits Plaintiff files.[3] *See Sanchez v. Welcome Skateboards, Inc.*, 1:21-cv2598 (KPF),

---

[3]     Defendant also insinuates that Plaintiff's shopping habits are suspect despite the fact that, as of 2018, Americans spend an average of nearly two hours everyday shopping *while on the job*. https://www.cnbc.com/2018/12/11/americans-spend-nearly-two-hours-a-day-shopping-online-at-work.html

Docket No. 35, at 7:6-9 (S.D.N.Y., Jan. 27, 2022) (denying a motion to dismiss on similar grounds)
Kroub Decl., Ex. B; Def. Mem. at 5-6; *see also Nutco*, 2022 U.S. Dist. LEXIS 51247 at *5 (noting,
"private enforcement suits are the primary method of obtaining compliance with the [ADA]").

Courts in the Southern District concur that litigation history is neither factually nor legally
relevant to Plaintiff's standing. "There is nothing inherently wrong with filing duplicative lawsuits
against multiple defendants if the harms to be remedied do exist and are indeed identical."
*Dominguez v. Grand Lux Café LLC*, No. 19-cv-10345 (MKV), 2020 U.S. Dist. LEXIS 109679, at
*11 (S.D.N.Y. June 22, 2020); *see also Camacho v. Vanderbilt Univ.*, 18 Civ. 10694 (KPF), 2019
U.S. Dist. LEXIS 209202 (S.D.N.Y. Dec. 4. 2019) ("[a plaintiff] does not lack standing merely
because he believes he has been similarly injured by other defendants]."); *see also Romero v. Zip
Top, LLC*, 20-cv-10189 (LJL) (S.D.N.Y. Aug. 13, 2021); *De La Rosa v. Lewis Foods of 42nd St.*,
124 F. Supp.3d 290, 293 n.5 (S.D.N.Y. 2015) ("[T]his fact does not affect the Court's analysis…
It is by no means difficult to imagine that a wheelchair-bound New York City resident encounters
illegal barriers to access at many places of public accommodation on a regular basis or that such a
person would continue to use the attorney with whom she has a relationship when trying to make
New York more accessible for all."). As such, the Court should disregard these insinuations and
decide this case on its own merits.

## II.     STATEMENT OF FACTS

Defendant is an online retail company that owns and operates the Website,
www.extractlabs.com ("Website"). ¶¶2, 20.  The products Defendant offers on the Website include
CBD infused topical creams, gummies, coffee, and flavored extracts. ¶20.  Plaintiff is a visually-
impaired and legally blind person who uses screen-reading software in order to read website
content using his personal computer. ¶¶1, 22.  Plaintiff made several visits to the Website in his

attempt to purchase items in August 2021, and May 4, 2022. ¶2. Plaintiff attempted to transact business on Defendant's Website by attempting to purchase CBD infused products, specifically the plant based CBD gummies. ¶24. Plaintiff was unable to successfully complete a purchase because the Website was not compliant with the current ADA accessibility standards contained/still contains specific issues both at the time Plaintiff browsed the Website and as of the date of the filing of the FACAC. ¶25. Plaintiff encountered multiple access barriers that denied Plaintiff full and equal access to the services offered to the general public on the Website. ¶¶9, 22, 25. These barriers include, without limitation (collectively, the "Access Barriers"):

- The screen reader fails to read descriptions linked to images on the website, impeding Plaintiff's ability to make an informed choice as to products to purchase as a sighted New York customer would.;

- The screen reader fails to read product descriptions, impeding Plaintiff's ability to make an informed choice as to products to purchase as a sighted New York customer would.;

- When navigating the pages to select products, the screen reader cannot read all of the products available for selection, impeding Plaintiff's ability to make a purchase as a sighted New York customer would;

- The screen reader fails to read when an item is added to the "cart" function, impeding Plaintiff's ability to make a purchase as a sighed New York customer would;

    ¶¶2, 23.

The Plaintiff was denied and continues to be denied equal access to the Website. However, Plaintiff remains expectant that the accessibility barriers will be cured expeditiously, as Plaintiff unequivocally intends to return to the website in order to complete the desired purchase as soon as the accessibility barriers are cured. ¶24.

Based on these allegations, the FACAC adequately alleges Defendant's violations of 42 U.S.C. § 12181, *et seq*. – Title III of the ADA, and the NYCHRL, N.Y.C. Admin. Code § 8-101, *et seq*.

## III.   LEGAL STANDARDS

The Second Circuit cautions courts against prematurely dismissing complaints of civil rights violations. *See Gregory v. Daly,* 243 F.3d 687, 691 (2d Cir. 2001). "As a remedial statute, the ADA must be broadly construed to effectuate its purpose of providing a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." *Noel v. New York City Taxi and Limousine Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012). Similarly, as this Court noted, in reviewing standing under the ADA, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act. *See Nutco,* 2022 U.S. Dist. LEXIS 51247, at *5 (citations omitted). Courts must afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant, and to grant a plaintiff a cause of action to sue over the defendant's violation of that statutory prohibition or obligation, including the injury of discriminatory treatment.  *See TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2204-05 (2021) (*citing Allen v. Wright*, 468 U.S. 737, 104 S.CT. 3315, 82 L.Ed. 2d 556 (1984)).

### A.   STANDARD ON A MOTION PURUSANT TO FED. R. CIV. P. 12(B)(1)

When examining a Fed. R. Civ. P. 12(b)(1) motion, a court must "take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively." *Bassaw v. United Indus. Corp.*, No. 19-CV-7759 (JMF), 2020 U.S. Dist. LEXIS 157800, at *4 (S.D.N.Y. Aug. 31, 2020) (internal citations omitted). The burden of providing subject matter jurisdiction by a preponderance of the evidence is borne by plaintiff. *Id.*

As this Court has held, in ADA website accessibility cases that a complaint need not contain detailed factual allegations to survive a motion to dismiss. *Dermpoint*, 2021 U.S. Dist. LEXIS 96067, at *4. When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not presume the truthfulness of the complaint's jurisdictional allegations. *Quezada v. U.S. Wings, Inc.*, 20 Civ. 10707, 2021 U.S. Dist. LEXIS 234057, at *4 (S.D.N.Y. Dec. 7, 2021).

B.     **STANDARD FOR ARTICLE III STANDING**

A plaintiff pleads a sufficient injury for Article III standing by "show[ing] that he suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016). "An injury is particularized when it affect[s] the plaintiff in a personal and individual way. . . [a]n injury is concrete when it actually exists or, put another way, when it is real rather than abstract. Notably, this is a low threshold, and the plaintiff need not be capable of sustaining a valid cause of action." *Bassaw*, 2020 U.S. Dist. LEXIS 157800, at *6.

To satisfy standing in an ADA website accessibility action, a plaintiff must allege certain facts, including: (i) when they attempted to access the website; (ii) what they were attempting to do on the website; (iii) the specific barriers that prevented them from gaining access; and (iv) how they intend to utilize the website in the future. *See Welcome Skateboards* Ex. B to the Kroub Decl., at 10:15-21. The fact (or assertion) that a website is accessible is *not* a challenge to the Court's subject matter jurisdiction. Rather, the Court has subject matter jurisdiction in claims under the ADA, even if a plaintiff would not prevail on the merits. *See Malibu Wellness Inc.* Ex. A to the Kroub Decl. (emphasis original).

As this Court has further noted, the elements to plead a claim under the NYCHRL in a website-accessibility action are substantively similar to the above standard. The NYCHRL is given an "independent liberal construction analysis in all circumstances" given its similar wording to the ADA, as well as the fact that "federal and state civil rights laws provide a floor below which the City's Human Rights law cannot fall." *Thorne v. Formula 1 Motorsports, Inc.*, 19-cv-1077 (JPO), 2019 U.S. Dist. LEXIS 220080, at *7 (S.D.N.Y. Dec. 19, 2019); *see also Sullivan v. Study.com LLC*, 18-cv-1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar 21, 2019) ("The NYCRL [is] governed by the same legal standards that courts apply to ADA disability discrimination claims") (citations omitted)  Thus, it follows perforce that because the FACAC properly pleads a claim under the ADA, it also properly states a claim under the NYCHRL. *Id*.

### C.      STANDARD ON A MOTION PURSUANT TO FED. R. CIV. P. 12(B)(6)

As this Court has already ruled, to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Nutco*, 2022 U.S. Dist. LEXIS 51247 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff properly pleads such facial plausibility by including "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at *15.  All reasonable inferences are drawn in the plaintiff's favor.  *Id*.  The court's review is "limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits and any documents incorporated in the complaint by reference." *Id*. To survive dismissal, "plaintiff must provide the grounds upon which his claims rest through factual allegations sufficient to raise a right to relief above the speculative level." *Lanier v. Bats Exch., Inc.*, 838 F.3d 139, 150 (2d Cir. 2016) (internal citations omitted).

### IV.     ARGUMENT

## A.  THE COURT HAS SUBJECT MATTER JURISDICTION

(i)        Defendant has Failed to Present Admissible Evidence that the Website is Compliant

Defendant asserts its website is compliant for two reasons: *first*, the website has been completely redesigned. *Second*, the affidavit of Defendant's Director of Marketing. The first is legally insufficient to insufficient to moot the case. The second is improper extrinsic evidence whose reliability must be tested in discovery.

Creating a new website does not prima facie moot a case. Rather, a new website is relevant to a mootness argument only to the extent the new website is ADA-compliant. *See Wu v. Jensen-Lewis Co.*, 345 F.supp.3d 438, 441-442 (S.D.N.Y. 2018). Simply asserting the new website is compliant, will remain that way and citing to the website itself is not sufficient to meet a defendant's formidable burden that the wrongful behavior could not reasonably be expected to occur. *Id*. Yet, this is exactly what Defendant offers, "[Defendant] has now confirmed that all alleged issues with the website are resolved and will not recur." Def. Mem. at *3.

Similarly, Defendant's affidavit is improper at this stage of the litigation. Examining extrinsic evidence is limited under Rule 12(b)(1) where a challenge to jurisdiction is so intertwined with the merits that its resolution depends on the resolution of the merits. *See Takeda Chem. Indus. v. Watson Pharm., Inc.*, 329 F. Supp. 2d 394, 402 (S.D.N.Y. 2004) (citation omitted).  As this Court noted, on a motion to dismiss "review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Dermpoint*, 2021 U.S. Dist. LEXIS 96067 at *6; *see also DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010).  Defendant's affidavit thus lies outside the materials this Court may properly consider.

Even if Defendant's extrinsic affidavit were proper, this Court has further explained that competing affidavits regarding factual issues such as compliance of a website reinforce the conclusion that dismissal on mootness grounds discovery is necessary to determine defendant's compliance with the ADA or lack thereof. *Nutco*, 2022 U.S. Dist. LEXIS 51247 at *9; *see also Welcome Skateboards*, Ex. B to Kroub Decl. at 19:8-11 ("Discovery will disclose whether plaintiff has actually raised issues worthy of a trial, but for now, this Court must conclude that he has pleaded adequate claims."); *Hecht v. Magnanni, Inc.*, 1:20-cv-05316 (MKV), 2022 U.S. Dist. LEXIS 60836, at *8 (S.D.N.Y. Mar. 31, 2022) ("While the Court considers the extraneous affidavits and materials on this motion, Defendant's own submissions underscore that dismissal on the grounds of mootness at this stage would be precocious.").

Defendant has intertwined its jurisdictional challenge with this case's merits, *i.e.*, whether access barriers exist on the Website. As such, Defendant is effectively pleading a blanket denial of all allegations based on extrinsic evidence, and the unsupported assertion the new website is compliant. As such, Defendant's bald assertions that the website is *actually* accessible have no more probative value than a standard answer denying the FACAC's allegations, and like an answer, should proceed to discovery.

By contrast, Plaintiff has submitted (aside from allegations concerning his own personal experience) expert testimony that confirms the Website's access barriers existed and persist.  This further confirms this is not a subject matter issue – namely, it is a factual dispute regarding the facts that must be resolved after discovery.

(ii)     Defendant's Website is Not Compliant

The Website is still in violation of the WCAG standards and the ADA.  Defendant has not sufficiently established (let alone even introduced admissible evidence suggesting) that it has a

compliant website.  As set forth in the Declaration of Robert D. Moody, who examined the Website on June 24, 2022 (after Defendant's latest motion was filed), "issues with the identified website do exist and moreover, those issues are a barrier to individuals with low to no vision." *See* Declaration of Robert D. Moody, dated June 24, 2022 ("Moody Decl."), attached as Ex. C to the Kroub Decl., at ¶7.  These ongoing barriers include:

- The logo found on this site, which acts as a link to the homepage, is not labeled and cannot therefore be interpreted by any screen reader as to what the graphic represents nor the underlying purpose of creating a way to return to the site's homepage;

- Throughout the website, there is text providing information. For example, on the "New To CBD?, What is THC-O and What does it do?, What is CBT (Cannabitran)?, What is CBC?, and View Lab Test" not all text is labeled to integrate with the screen reader. The information is skipped over to the next available link, heading, or button as the text is not accessible. The site moves directly to the active buttons and fails to describe or reference the content or context;

- Product price is not labeled properly to integrate with the screen reader. The regular and sale price are not distinguished from each other. Without providing proper information, this would create a barrier for a visually impaired user;

- The notification that an item has been added or removed from the shopping cart is not labeled to integrate with the screen reader; and

- Inside the shopping cart, the subtotal is inaccessible. This information is not relayed to the user. Thus, bars the user from confirming the items in their shopping cart before purchase.

*.See* Moody Decl. at ¶8.

Mr. Moody concluded:

It is my expert opinion and with a high degree of scientific certainty the website…has defects, can and will continue to create problems for visually disabled persons, such as the Plaintiff and these defects act as a barrier to the effective use and enjoyment of the site for persons with low to no vision.

Moody Decl. at ¶14.

Thus, Plaintiff's expert has identified ongoing Access Barriers inhibiting the equal use of the Website by the visually-impaired community. Mr. Moody's report further confirms the

allegations in the FACAC. They both note the cart function is inaccessible due to defects with the website . *Compare* ¶23(d) *to* Moody Decl. ¶8(e). Courts, including this one, have denied dismissing ADA website cases in response to similar affidavits submitted by Mr. Moody at the motion to dismiss stage contesting the accessibility of a defendant's website, including when both sides submitted affidavits arguing opposite sides of a factual question, holding that whether the website is accessible is a question properly tested in discovery. *Nutco* 2022 U.S. Dist. LEXIS 51247; *Welcome Skateboards* Ex. B to the Kroub Decl.; *Paguada v. YieldStreet, Inc.*, 20 Civ. 9254 (LGS), 2021 U.S. Dist. LEXIS 202311, (S.D.N.Y. Oct. 20, 2021); *U.S. Wings* 2021 U.S. Dist. LEXIS 234057; *Angeles v. Grace Prods*., 20-cv-10167 (AJN), 2021 U.S. Dist. LEXIS 182317 (S.D.N.Y. Sept. 23, 2021); *Magnanni,* 2022 U.S. Dist. LEXIS 60836. Defendant's extrinsic evidence should therefore be considered more analogous to an answer denying the allegations of the FACAC, allowing this case to proceed to discovery.  *See Mercer v. Jericho Hotels, LLC*, 19-CV-5604 (VSB), 2019 U.S. Dist. LEXIS 199897, at *8 (S.D.N.Y. Nov. 18, 2019) (holding that it is insufficient to dismiss a case based on a "reed thin" assertion by the owner of a public accommodation that accessibility barriers have been remedied).

This stands in sharp contrast to the cases (such as those cited in the Motion to Dismiss) where the evidence of accessibility was *uncontested*. *Cf.  Diaz v. Kroger Co.*, 18 Civ. 7953 (KPF), 2019 U.S. Dist. LEXIS 93177, at *9 (S.D.N.Y. June 4, 2019) ("Plaintiff does not dispute the factual assertions Mr. Whiting makes regarding Defendant's efforts at ADA compliance."); *Guglielmo v. Neb. Furniture Mart, Inc*., 19 Civ. 11197 (KPF), 2020 U.S. Dist. LEXIS 2387097 (S.D.N.Y. Dec. 18, 2020) (plaintiff did not offer any evidence to contest defendant's declaration); Def. Mem.  at *11.

As demonstrated by the Moody Declaration, **barriers to access continue to persist** even after the filing of the instant Motion to Dismiss, and, as this Court has held, is sufficient to deny dismissal on mootness grounds. *See Sullivan v. Study.com LLC*, No. 18 Civ. 1939 (JPO), 2019 U.S. Dist. LEXIS 47073 (S.D.N.Y. Mar. 21, 2019) (rejecting dismissal where plaintiff identified continued barriers to accessing certain videos on defendant's website); *Del-Orden v. Bonobos Inc.*, 17 Civ. 2744 (PAE) 2017 U.S. Dist. LEXIS 209251 (S.D.N.Y. Dec. 20, 2017) (holding same, where complaint alleged, and court's review of website confirmed, at least one continued barrier to access). Given that the FACAC pleads ongoing violations, Defendant has not sufficiently met its burden of establishing that the Website is free of barriers or compliant.

(iii)      <u>The Complaint Properly Pleads an "Injury-in-Fact"</u>

The FACAC properly pleads that Plaintiff was injured when he encountered Access Barriers that denied him full and equal access to the Website multiple times and now deter Plaintiff on a regular basis from accessing the Website in the future. ¶9, 22-24. To satisfy standing in an ADA website accessibility action, a complaint must allege: (i) when plaintiff attempted to access the website; (ii) what plaintiff was attempting to accomplish on the website; (iii) the specific barriers that prevented plaintiff from gaining access; and (iv) how plaintiff intends to utilize the website in the future. *See Welcome Skateboard*, Ex. B to the Kroub Decl., at 10:15-21. Specifically in *Welcome Skateboard*, a plaintiff listed seven specific barriers that prevented his purchase from the Website, which the Court held, along with the consequent deterrence to the plaintiff, constituted a sufficient injury to confer standing.

The FACAC does this by alleging: (i) that Plaintiff visited the Website in August 2021 and, May 4, 2022 (¶2); (ii) the exact product Plaintiff attempted to buy there— plant based CBD gummies (¶¶2, 24); (iii) the specific website functions that prevented Plaintiff from completing a

-12-

purchase as a sighted person would, including images, product descriptions and the "cart" function (¶¶23(a)-23(d)); (iv) the deficient functions directly prevented Plaintiff from completing a purchase (¶25); and (v) how plaintiff intends to utilize the website in the future—*i.e.*, to complete the desired purchase as soon as the accessibility barriers are cured (¶24). *Cf. Feltzin v. Stone Equities LLC*, CV 16-6457, 2018 U.S. Dist. LEXIS 22870 (E.D.N.Y. Feb. 8, 2018) (plaintiff failed to allege any date he visited defendant's premises); *see also Feltzin v. Triangle Props. #1, LLC*, 14-cv-5131 (JMA) (ARL), 2016 U.S. Dist. LEXIS 192861 (E.D.N.Y. Dec. 15, 2016) (plaintiff did not plead which particular business he attempted to patronize); Def. Mem. at *14.

Like Judge Failla, this Court has likewise found these types of barriers sufficient to plead standing. In *Dermpoint*, this Court denied defendant's motion to dismiss because the allegations that a website contained the following deficiencies pled a sufficient injury: (i) failure to describe the contents of graphical images; (ii) failure to properly label titles; (iii) failure to distinguish one page from another; (iv) pages containing multiple broken links and inaccurate headings; (v) inability to add items to the online shopping cart; and (vi) the website accessibility icon was too hard to find. *See Id.* at *4-*5; *see also Nutco*, 2022 U.S. Dist. LEXIS 51247 at *5. The FACAC specifically lists many of the same access barriers as recognized in both *Dermpoint* and *Nutco*. Specifically, the FACAC pleads that the Website contained site elements, such as, the images of items, products descriptions and the "cart function" that were not properly labeled by Defendant to integrate with Plaintiff's screen reader. ¶¶2, 23. As this Court stated, detailing the barriers and how the "website [is] not compatible with [plaintiff's] screen reading software" is sufficient to state both an injury and how it is traceable to a defendant's conduct. *See Nutco*, 2022 U.S. Dist. LEXIS 51247 at *5; *cf.* Def. Mem. at **12; 15. Defendant's assertion, whether characterized as a 12(b)(1) or 12(b)(6) issue, that the screen reader's inability to access the website is unrelated to

the website's coding not only ignores this Court's previous holdings on this issue, but is a willfully ignorant exercise in semantics, particularly given that, as stated in the FACAC "For screen-reading software to function, the information on a website must be capable of being rendered into text. If the website content is not capable of being rendered into text, the blind or visuall0impaired user is unable to access the same content available to sighted users." ¶18.

This Court is not alone in holding this. Given the similarity of the barriers pled in the FACAC, and the deterrent effect, to the pleadings in *Dermpoint*, *Nutco* and *Welcome Skateboards*, Defendant's argument regarding failure to plead an injury is unavailing.

Similarly, in *Camacho,* 2019 U.S. Dist. LEXIS 209202, at *26, Judge Failla, held that the plaintiff pleaded a concrete injury, deterrence, where:

> [Plaintiff] was unable to access certain portions of the Website's publicly available content because of his disability. Specifically, Plaintiff states that he was unable to navigate the Website because its navigation tabs were incompatible with his screen-reading software, and unable to utilize the Website's net price calculator because that page was also incompatible with his screen-reading software. Plaintiff has also alleged that the Website's access barriers regularly deter him from accessing the website. The Second Circuit has made clear that deterrence constitutes an injury under the ADA.

Notably, it is sufficient for a plaintiff to plead the specific barriers that prevented them from gaining access to a website and how they intend to use the website in the future—but it is not necessary for a proper pleading to state the exact product a plaintiff intends to buy. *See Grace Prods.*, 2021 U.S. Dist. LEXIS 182317, at *3-*4 ( ("[plaintiff] was (and is) interested in purchasing defendant's beauty products."); *see also Nutco*, 2022 U.S. Dist. LEXIS 51247 at *7 ("[Plaintiff even makes note of his particular interest in pistachio nuts.").

The FACAC describes both the product Plaintiff intended to buy (plant-based CBD gummies), and how he intends to utilize the website in the future (to transact business there as soon as the accessibility barriers are cured.) ¶¶ 2, 24. The FACAC, thus, establishes recognized

injuries (unequal access and deterrence), as well as the specific website functions which caused this, to properly plead an injury in fact.

### B.  THE COMPLAINT'S NYCHRL CLAIM SURVIVES AS WELL

For the reasons discussed above, Defendant's attacks on Plaintiff's New York City claims should also fail.  Defendant asserts that the Court must likewise dismiss the New York City claims because Plaintiff lacks standing or a valid federal claim.  Def. Mem. at **15-16.  However, as demonstrated *supra*, Defendant has not demonstrated sufficient grounds upon which to obtain dismissal of the ADA claim at issue in this action under either 12(b)(1) or 12(b)(6). *See Bullard v. Drug Policy All*., 18 Civ. 8081 (KPF), 2019 U.S. Dist. LEXIS 222854, at *23-*24 (S.D.N.Y. Dec. 30, 2019 ("[a] court shall exercise supplemental jurisdiction if a supplemental claim is related to the claim within the court's original jurisdiction such that they form the same case or controversy." (citing 28 U.S.C. §1367(a)). Additionally, Defendant's assertion that Plaintiff has failed to state a claim for relief under the NYCHRL is incorrect. NYC Administrative Code 8-120(a) states, "Payment of compensatory damages to the *person aggrieved by such practice or act*" are among the remedies available under the NYCHRL. NYC Administrative Code 8-120(a)(8) (emphasis added). Furthermore, it is very common to award damages directly to plaintiffs in the Southern District of New York. *See, e.g.*, *Kreisler v. Second Ave. Diner Corp*., No. 10 Civ 7592 (RJS), 2012 U.S. Dist. LEXIS 129298, at *42 (S.D.N.Y. Sept. 10, 2012). Accordingly, Defendant's request to obtain dismissal of the New York City claim should likewise be denied.

### V.    CONCLUSION

For the reasons set forth above, the Court should respectfully deny the Motion to Dismiss

in its entirety.[4]

DATED:  New York, New York           **MIZRAHI KROUB LLP**
             June 29, 2022


                                          /s/ Edward Y. Kroub
                                      EDWARD Y. KROUB

                                 EDWARD Y. KROUB
                                 JARRETT S. CHARO
                                 WILLIAM J. DOWNES
                                 200 Vesey Street, 24th Floor
                                 New York, NY  10281
                                 Telephone:  212/595-6200
                                 212/595-9700 (fax)
                                 ekroub@mizrahikroub.com
                                 jcharo@mizrahikroub.com
                                 wdownes@mizrahikroub.com

                                 *Attorneys for Plaintiff*

---

[4]      In the alternative, should the motion be granted, Plaintiff respectfully requests leave to replead.  *See Cortec Industries, Inc., v. Sum Holding L.P.*, 949 F.2d 42 (2d. Cir. 1991); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *see also Wilson v. Jord Inc.*, No. 20-CV-1899-LJV-JJM, 2022 U.S. Dist. LEXIS 58849 (W.D.N.Y. Mar. 30, 2022) (a recent website accessibility ruling on a motion to dismiss granting plaintiff leave to amend).