# O'HAGAN MEYER

ATTORNEYS & ADVISORS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/2022

Ryan T. Benson
312.422.6138 Direct
312.422.6110 Facsimile
rbenson@ohaganmeyer.com

**MEMO ENDORSED**

May 11, 2022

Judge Colleen McMahon
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Dilenia Paguada v. Malibu Wellness, Inc.*
Case No. 1:22-cv-01840
Motion to Submit Video Evidence in Support of Motion to Dismiss and Request for Extension to File Motion to Dismiss Until After This Motion is Ruled Upon

Dear Judge McMahon:

The allegations in the Complaint allege that Plaintiff reviewed the website www.malibuc.com in February of 2022. On April 6, 2022, Defendant had the website reviewed by Carlos Taylor (a totally blind individual) with his screen reader software and a video was made of him performing this task. Defendant would like to add the video as an exhibit to a Declaration signed by Carlos Taylor showing him navigating the website, learning Defendant's customer service information, and ordering products with his screen reader software. This is permissible as the Second Circuit is clear that "[i]n reviewing a *factual* challenge to subject matter jurisdiction, the court may rely on the plaintiff's complaint, as well as look to extrinsic evidence. *Greater New York Hospital Assoc. v. United States*, 1999 WL 1021561, at *4 (S.D.N.Y. Nov. 9, 1999) (emphasis in original); *see also Paguada v. Yieldstreet Inc.*, 2021 WL 4896278, at *2 (S.D.N.Y. Oct. 20, 2021) citing *SM Kids, LLC v. Google, LLC*, 963 F.3d 206, 210 (2d Cir. 2020) ("A Rule 12(b)(1) motion challenging subject matter jurisdiction may be based solely on the complaint or may rely on evidence beyond the pleadings.").

Pursuant to the Southern District of New York Electronic Case Filing Rules & Instructions, 5.2, "[a] party may move before the Court for permission to serve and file in hard copy documents that cannot be reasonably scanned." Defendant hereby requests that the Court grant leave to submit this video, as the Motion to Dismiss is being filed based on a standing argument because Defendant argues that the case is moot. Further, Defendant's request to add Mr. Taylor's video as an exhibit to Defendant's 12(b)(1) motion to dismiss is not a matter of first impression for this Court. On

One East Wacker Drive | Suite 3400 | Chicago, Illinois 60601 | www.ohaganmeyer.com
Chicago • Los Angeles • Washington D.C. • Philadelphia • Wilmington, DE • Richmond, VA • Alexandria, VA

---

Handwritten annotations (Judge's endorsement):

5/11/2022 — The fact that your website is NOT accessible to a blind person is NOT a challenge to subject matter jurisdiction. If true, it is a basis for you to win the lawsuit on the merits. The court has subject matter jurisdiction over ADA lawsuits.

Your factual challenge is not to the court's subject matter jurisdiction (a challenge to the allegation that your website is not accessible to a blind person). I am happy to entertain a motion for summary judgment on the pleadings or summary judgment without any discovery. I will give you a quick trial if you prefer. But...

Judge Colleen McMahon
May 11, 2022
Page 2

April 16, 2021, Judge J. Paul Oetken, granted an identical request and ordered the defendant to supply both the Court and plaintiff with a copy of the video of Mr. Taylor in that matter. *See Williams v. Northern Brewer, LLC*, 21-cv-01821-JPO at ECF Nos. 9, 15. More recently, on February 8, 2022, Judge Gregory H. Woods also granted a similar request and ordered the defendant to send a copy of the video to his chambers. *See Carmen Tavarez-Vargas v. Speculative Product Design, LLC*, 21-cv-10395-GHW at ECF No 21. The video to the instant matter is an integral part of the Motion to Dismiss to show the Court there is no longer any "case or controversy" and will be part of a Declaration signed by Carlos Taylor. If this letter motion is granted, Defendant intends to send a copy of a disc or USB drive to Chambers and Plaintiff's counsel.

Defendant's current response to the Complaint deadline is Friday, May 13, 2022. In the abundance of caution, in case no ruling on this letter motion has been made by that date, Defendant further requests that it be allowed to file its Moton to Dismiss within two days after the ruling on this letter motion.

Plaintiff opposes the filing of video evidence. Plaintiff does not oppose Defendant's request of extending the deadline to file the Motion to Dismiss until there is a ruling on this letter motion.

Respectfully submitted,

Ryan T. Benson

RTB/jhm
cc: All Attorneys of Record (*via* ECF)