UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR TAVAREZ, on behalf of himself and
all others similarly situated,

    Plaintiffs,

v.

EXTRACT LABS,

    Defendant.

### Declaration of Robert D. Moody

I, Robert D. Moody, declare that I have read the foregoing instrument and the facts and information stated in it are true and correct to the best of my knowledge. I am personally acquainted with the facts stated herein.

1. Presently, I am the President, CEO and Founder of Forensic Data Services (d/b/a FDS Global) (hereafter referred to as FDS) which is based in Broward County, Florida. I am the principal investigator at FDS and frequently testify as an expert in the fields of information systems auditing, information security and computer forensics.

2. I have testified in both State and Federal Courts as an expert in the field of information systems auditing, information security and computer forensics. My CV is attached as **Exhibit A**.

3. I have experience and training in web design, layout, coding, auditing, and testing of functionality, security, and operability of websites and related content. To date, I have audited more than 800 websites including sites for major industries that operate on many different platforms.

4. In addition, I have identified websites that were both WCAG compliant as well as WCAG non-complaint. For the websites that were found to be non-compliant, Defendants have often relied on my declaration and attachments to bolster remediation efforts and effectively correct issues often faced by Defendants.

5. My company was retained by counsel for Plaintiff, Victor Tavarez, to provide consulting services and to conduct an audit of a website for compliance, usability, and accessibility standards (WCAG 2.0) as well as general functionality analysis for disabled users.

6. In the present matter, FDS along with me as principal investigator, evaluated the website known as https://www.extractlabs.com/. My evaluation was to determine if any issues existed that could not be overcome and, as such acted as barriers to Plaintiff's use of the website as a visually impaired user of the internet.

7. As part of my retention, I independently evaluated the website on June 24, 2022, and determined issues with the identified website do exist and moreover, those issues are a barrier to individuals with low to no vision.

8. Some of issues identified include the following:

   a. The logo found on this site, which acts as a link to the homepage, is not labeled and cannot therefore be interpreted by any screen reader as to what the graphic represents nor the underlying purpose of creating a way to return to the site's homepage.

   b. Throughout the website, there is text providing information. For example, on the "New To CBD?, What is THC-O and What does it do?, What is CBT (Cannabitran)?, What is CBC?, and View Lab Test" not all text is labeled to integrate with the screen reader. The information is skipped over to the next available link, heading, or button as the text is not accessible. The site moves directly to the active buttons and fails to describe or reference the content or context.

   c. Product price is not labeled properly to integrate with the screen reader. The regular and sale price are not distinguished from each other. Without providing proper information, this would create a barrier for a visually impaired user.

        d.    The notification that an item has been added or removed from the shopping cart is not labeled to integrate with the screen reader.

        e.    Inside the shopping cart, the subtotal is inaccessible. This information is not relayed to the user. Thus, bars the user from confirming the items in their shopping cart before purchase.

9. During the website review, FDS determined that the site had an "ADA Accessibility Widget."

10. This widget provides profile options such as seizure safe, vision impaired, ADHD friendly, cognitive disability and a few other options but not limited to, screen enhancements, font sizing and color changing.

11. The available tools contained within the widget were reviewed in light of the issues identified by the Plaintiff and FDS determined that the issues still exist.

12. As an additional evaluation step, FDS employs an automated audit program that evaluates websites for WCAG compliance. As part of its processes, the software evaluates many aspects of the website but for the purpose of this declaration, the Summary, Accessibility Validation Audit, Usability Audit and Web Standards Audit is included. A copy of the audit is provided as **Exhibit B**.

13. In addition to the usability and functionality issues identified above and in attachments, many of the identified issues also directly violate WCAG 2.0.

14. Taken both the independent visual review of the identified website as well as the audit process attached to this declaration. It is my expert opinion and with a high degree of scientific certainty the website, https://www.extractlabs.com/ belonging to Defendant, Extract Labs, has defects, can and will continue to create problems for visually disabled persons, such as the Plaintiff and these defects act as a barrier to the effective use and enjoyment of the site for persons with low to no vision.

15. Accordingly, I reserve the right to update, alter, change, and delete, supplement or file an addendum to this declaration if additional material is made available to me and where such material may impact my opinion.

Declarant further sayeth not.

Under penalty of perjury, I hereby affirm that the foregoing statements are true and correct.

Respectfully submitted on, June 27, 2022

*Robert D Moody*
_____
**Robert D. Moody**