LaszloLaw
Veronica L. Vecchio, Esq.
vecchio@laszlolaw.com
2595 Canyon Blvd., Ste. 210
Boulder, CO 80302
Tel: (303) 926-0410
Fax: (303) 443-0758

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIANO TAVAREZ, Individually, and on behalf of d all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>EXTRACT LABS INC.,<br><br>      Defendant. | No. 1:21-cv-09916-JPO |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

## TABLES OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................................iii

I.  INTRODUCTION .................................................................................................................1

II. LAW AND ARGUMENT ......................................................................................................2
    A.    Federal Rule of Civil Procedure 54 and 42 U.S.C. 12205..........................................2
    B.    Defendant is seeking the recovery of reasonable fees and costs ................................6
        1.    Plaintiff has the burdent to present evidence contesting the resasonable rate…………………………………………………………………………….8
        2.    Attorney Fee Request .........................................................................................8
        3.    The rates sought by Defendant's attorneys are reasonable ..................................9

III. CONCLUSION ....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alyeska Pipeline Serv. v. Wilderness Soc'y,*
   421 U.S. 240 (1975)............................................................................................................ 2

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,*
   522 F.3d 182 (2nd Cir. 2008).........................................................................................6, 7

*Barnes Found. v. Township of Lower Merion,*
   242 F.3d 151 (3rd Cir. 2001)............................................................................................3

*Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.,*
   652 F.3d 277 (2nd Cir. 2011)............................................................................................9

*Blair v. Alstrom Transp., Inc.,*
   2020 WL 4504842 (S.D.N.Y. August 5, 2020.  ).............................................................4

*Brinker v. Giuffrida,*
   798 F.2d 661 (3d Cir. 1986)..............................................................................................8

*Bowman v. Realty,*
   2016 WL 3676669 (S.D.N.Y. July 6, 2016).)..................................................................9

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,*
   532 U.S. 598 (2001).......................................................................................................... 2

*Christiansburg Garment Co. v. E.E.O.C.,*
   434 U.S. 412 (1978)..........................................................................................................3

*Copeland v. Marshall,*
   641 F.2d 880 (D.C. Cir. 1980)..........................................................................................7

*Dancy v. McGinley,*
   141 F. Supp. 3d 231 (S.D.N.Y. 2015)..............................................................................9

*E.E.O.C. v. L.B. Foster Co.,*
   123 F.3d 746 (3rd Cir. 1997)............................................................................................ 3

*Gates v. Deukmejian,*
   987 F.2d 1392 (9th Cir.1992)............................................................................................8

*Grievson v. Rochester Psychiatric Center*,
    746 F. Supp.2d 454 (W.D.N.Y. September 30, 2010)..............................................................2

*Guglielmo v. Nebraska Furniture Mart, Inc.*,
    2020 WL 7480619 (Dec. 18, 2020 S.D.N.Y.) ..................................................................... 3, 4

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983) ..............................................................................................2, 6, 7, 9

*Johnson v. Georgia Highway Exp., Inc.*,
    488 F.2d 714 (5th Cir. 1974)................................................................................................6, 7

*Kelly v. Wengler,*
    822 F. 3d 1085 (9th Cir. 2016)................................................................................................8

*LeBlanc-Sternberg v. Fletcher,*
    143 F.3d 765 (2d Cir. 1998). ………………………………………………………………. 3

*Lilly v. City of New York,*
    934, F.3d 222 (2nd Cir. 2019)…………………………………….......................................... 6, 7

*Lindy Bros. Builder, Inc. v. Am. Radiator & Standard Sanitary Corp,*
    487 F. 2d 161 (3rd Cir. 1973). ……………………………………….......................................... 6

*Lipsett v. Blanco,*
    975 F.2d 934 (1st Cir. 1996). …………………………………………………………………. 7

*Mares v. Credit Bureau of Raton,,*
    801 F.2d 1197 (10th Cir. 1986)……………………………………………………………….. 7

*New York State Association for Retarded Children v. Carey,*
    711 F.2d 1136 (2nd Cir. 1983)………………………………………………………………… 7

*Parker v. Sony Pictures Ent., Inc.,*
    260 F.3d 100 (2nd Cir. 2001)................................................................................................. 3

*Sarwar v. Lake Placid Hotel Partners, LLC,*
    2022 WL 833374 (N.D.N.Y. Mar. 21, 2022) ……………………………………………….....9

*Sinajini v. Bd. of Educ. of San Juan County Sch. Dist.,*
    53 Fed. Appx. 31 (10th Cir. 2002))....................................................................................... 7

*United States Football League v. National Football League,*
   887 F.2d 408, 413 (2d Cir. 1989)* …..……............................................................................... 8

*United States v. Standard Oil Co. of Cal.,*
   603 F. 2d 100 (9th Cir. 1979) …………….............................................................................. 2

*Veneziano v. Long Island Pipe Fabrication & Supply Corp.,*
   238 F.Supp.2d 683 (3rd Cir. 2002)……………………............................................................ 3

**Statutes**

42 U.S.C. § 12205 ..................................................................................................................1,.2, 6

**Other Authorities**

Rule 12(b)(1) .................................................................................................................................4

Rule 54(d)…. ........................................................................................................................1, 2, 8

Defendant, Extract Labs, Inc. ("Defendant" or "Extract Labs") respectfully submits this Memorandum of Law in support of its Motion for Attorneys' Fees and Costs, pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. 12205 (this "Motion").

## I.     INTRODUCTION

On November 24, 2021, Plaintiff filed his original Class Action Complaint for Violations of the Americans with Disabilities Act of 1990 and New York City Human Rights Law (hereafter "the Complaint"). [Dkt. 1]. On February 7, 2022, Defendant filed Defendant's Motion to Dismiss Class Action Complaint for Violations of the Americans with Disabilities Act and New York City Human Rights Law [Dkt. 13] and Memorandum of Law in Support of Defendant's Motion to Dismiss Class Action Complaint (hereafter "Motion to Dismiss the Complaint") [Dkt. 14]. On February 18, 2022, Plaintiff filed a letter with this Court indicating that Plaintiff intended to file an amended pleading by or on February 28, 2022. [Dkt. 16]. Two months later, this Court entered a minute order giving Plaintiff an additional week, until May 4, 2022, to file an Amended Complaint or it would treat Defendant's Motion to Dismiss as unopposed. [Dkt. 17]. On May 4, 2022, Plaintiff filed his First Amended Class Action Complaint for Violations of the Americans with Disabilities Act of 1990 and New York City Human Rights Law (hereafter the "Amended Complaint"). [Dkt.18]. On June 8, 2022, Defendant filed Defendant's Motion to Dismiss Plaintiff's First Amended Class Action Complaint [Dkt. 21] and Memorandum of Law in Support of Defendant's Motion to Dismiss First Amended Class Action Complaint (hereafter "Motion to Dismiss First Amended Complaint") [Dkt. 22]. On June 29, 2022, Plaintiff filed Plaintiff Response in Opposition to Defendant's Motion to Dismiss [Dkt. 26] and on July 13, 2022, Defendant filed its Reply Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Dkt. 28].

On March 30, 2023, this Court entered its Opinion and Order granting Defendant's Motion to Dismiss [Dkt. 30]. Defendant now seeks the recovery of its attorney's fees and costs pursuant to F.R.C.P. 54(d) and 42 U.S.C 12205 as Defendant is the prevailing party.

## II. LAW AND ARGUMENT

### A. Federal Rule of Civil Procedure 54 and 42 U.S.C. 12205

Defendant is the prevailing party in this matter and requests this Court award it both its attorneys' fees and its costs. Costs are recoverable and "should be allowed to the prevailing party." Fed. R. Civ. Pro. 54(d)(1). Pursuant to Fed. R. Civ. Pro. 54(d)(2) a request for the recovery of attorney's fees must be made by motion within 14 days after the entry of judgment. "A litigant cannot collect attorneys' fees from the losing party unless a statute or contract provides for the award, or the losing party willfully disobeyed a court order or brought suit in bad faith." *Alyeska Pipeline Serv. v. Wilderness Soc'y,* 421 U.S. 240, 247, 257–260 (1975). Under the "American Rule," each party to a lawsuit is generally responsible for its own attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). However, an award of attorneys' fees may be proper where a valid contract or statute shifts fees to a losing party. *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (9th Cir.1979).

The ADA contains a fee-shifting provision. 42 U.S.C. 12205. The statue provides: "[i]n any action or administrative proceeding commenced pursuant to this Act, the court or agency in its discretion, may allow the prevailing party… a reasonable attorney's fee, including litigation expenses and costs." *Id.* A prevailing party is one who achieves a "material alteration of the legal relationship of the parties, provided the alteration is a 'judicially sanctioned change.'" *Grievson v. Rochester Psychiatric Center*, 746 F. Supp.2d 454, 460 (W.D.N.Y. September 30, 2010) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 U.S. 598, 604 (2001)). "A prevailing defendant is entitled to recover reasonable attorney's fees 'only when

2

the plaintiff's 'claim was frivolous, unreasonable, or groundless, **or** ... **the plaintiff continued to litigate after it clearly became so**.'" *Guglielmo v. Nebraska Furniture Mart, Inc., No.,* 2021 WL 4124660, at *2 (S.D.N.Y. Sept. 9, 2021) (quoting *Parker v. Sony Pictures Ent., Inc.,* 260 F.3d 100, 111 (2d Cir. 2001)(emphasis added); *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 422 (1978)). "[T]he determination as to whether the claims were frivolous, unreasonable, or groundless requires an evaluation of the allegations and the proof in light of the controlling principles of substantive law." *LeBlanc-Sternberg v. Fletcher,* 143 F.3d 765, 770 (2d Cir. 1998). This standard may be met even where an action was "not brought in subjective bad faith." *E.E.O.C. v. J.B. Hunt Transp., Inc.,* 75 F. App'x 853, 854 (2d Cir. 2003) (summary order) (quoting *Christiansburg,* 434 U.S. at 421). The Third Circuit clarified the factors a district court may consider when evaluating whether a plaintiff's claim is frivolous, unreasonable or without foundation. *Veneziano v. Long Island Pipe Fabrication & Supply Corp.,* 238 F.Supp.2d 683, 688 (3rd Cir. 2002). The district court may consider, on a case-by cases basis the following:

> (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. …[t]he Court may also consider: (4) whether the issue was one of first impression requiring judicial resolution; and (5) **whether the controversy is based sufficiently upon a real threat of injury to the plaintiff.**

*Id.* (internal citations omitted) (citing *E.E.O.C. v. L.B. Foster Co.,* 123 F.3d 746, 751 (3rd Cir. 1997); *Barnes Found. v. Township of Lower Merion,* 242 F.3d 151, 158 (3rd Cir. 2001)(emphasis added). Thus, this Court should award Defendant its attorneys' fees and costs because, as detailed below, (1) Defendant is the prevailing party and (2) because Plaintiff's pursuit of the litigation was frivolous and an unreasonable attempt to prolong the litigation in order to increase attorney fees when Plaintiff knew Defendant had remediated the Website and there was no real threat of ongoing injury to Plaintiff.

First, Defendant is a prevailing party under the statute because this Court granted Defendant's Motion to Dismiss the First Amended Complaint for lack of subject matter jurisdiction. This Court determined that there was no longer an actual controversy, and that Plaintiff no longer had a personal stake in the lawsuit because Defendant submitted an affidavit with a level of detail sufficient to create a presumption of mootness. [Dkt. 30]. This Court excluded Plaintiff's expert's declaration opining:

> Plaintiff fails to contest Defendant's extensive proffer on compliance, which means that the two Rogers declarations'…meet 'the stringent showing required by the Supreme Court's mootness precedents.

*Id.* at 5 (quoting *Guglielmo,* 2020 WL 7480619 at *6). This Court dismissed the case for lack of subject matter jurisdiction and further stated that "forcing Defendant to go through the lengthy process of briefing 12(b)(1) dismissal yet again based on Plaintiff's counsel error would be unfair in that it would impose excess costs, delay and inconvenience on Defendant." [Dkt 30 at 8]. Defendant's successful Motion to Dismiss the First Amended Complaint prevented Plaintiff from proceeding with the litigation of this matter and as a result Defendant successfully prevented Plaintiff from materially altering the parties' relationship. "[T]he Court's determination regarding mootness affected the rights of the parties because otherwise the ruling would have been an impissible advisory opinion" and Defendant is "'unquestionably' the prevailing party because the Court's dismissal of the Complaint unambiguously rebuffs [Plaintiff's] attempt to affect a material alteration in the legal relationship between the parties." *Blair v. Alstrom Transp., Inc.,* 2020 WL 4504842 at *7 (S.D.N.Y. August 5, 2020). Thus, Defendant is the prevailing party in this matter.

Second, Plaintiff's claims were frivolous as Plaintiff pursued the litigation specifically to bolster his attorney fee recovery and to prolong the litigation of the matter. On November 24, 2021, Plaintiff filed Plaintiff's Complaint. On December 7, 2021, counsel for Defendant emailed counsel for Plaintiff and offered to sign a waiver of service to save unnecessary expenses related to service.

4

*See,* Exhibit A, emails regarding service.  Plaintiff refused to accept a signed waiver of service and instead, on December 18, 2021, Plaintiff personally served Defendant. [Dkt. 7]; Exhibit A. Defendant immediately began remediation efforts. [Dkt. 14-2].  On January 3, 2022, counsel for Defendant emailed Plaintiff's counsel asking for a demand and documentation supporting the claim.   *See,* Exhibit B, emails regarding demand.   Plaintiff failed to provide supporting documentation, made a $45,000.00 demand and requested remediation of the website.  *Id.* Importantly, counsel for Defendant responded on January 7, 2021 stating: "my client has remediated the website and intends to file a motion to dismiss on that basis, for lack of standing and failure to state a claim.  Simply the complaint is severely lacking of any plausible allegation to support the asserted claims…" *Id*. Plaintiff ignored Defendant's email regarding remediation and refused to engage further in the conferral regarding the motion to dismiss.  *Id.*  Counsel for Defendant followed up on January 12, 2022 and on January 20, 2022, counsel for Plaintiff finally responded by stating that the "current complaint is sufficient." *Id.*  Therefore, rather than amending the Complaint, Plaintiff did nothing forcing Defendant to file Defendant's Motion to Dismiss the Complaint. [Dkt. 13, 14].  Rather than filing a response, Plaintiff changed his position and instead of responding, filed a letter stating it would file an amended complaint on or before February 28, 2022 [Dkt. 16].  February 28, 2022 came and went and Plaintiff again did nothing.  On April 27, 2022, this Court gave Defendant until May 4, 2022 to file an Amended Complaint. [ Dkt #17].  On May 4, 2022, at the very last minute, Plaintiff filed Plaintiff's Amended Complaint. [Dkt. #18]. Thus, Plaintiff expanded the litigation of this matter by unreasonably pursing this litigation while knowing Defendant had engaged in early remediation of the website.  Plaintiff continued to expand the proceedings by ignoring Defendant's conferral on its motion to dismiss, failing to timely file a First Amended Complaint and by opposing Defendant's Motion to Dismiss the First Amended Complaint while faced with evidence that Defendant had made the website fully compliant with

5

the ADA. Defendant is entitled to its attorneys' fees and costs as the prevailing party. Defendant's entitlement to attorney fees and costs is further detailed below.

### B. **Defendant is seeking the recovery of reasonable fees and costs.**

Defendant is entitled to reasonable attorneys' fees and costs pursuant to both Fed. R. Civ. Pro. 54 and 42 U.S.C. 12205. The costs incurred by Defendant total $1,012.28 and are reflected on Exhibit C, LaszloLaw Invoices. Defendant's attorneys' fees total $32,797.50 and these totals are also reflected on Exhibit C.

This Court's award of attorney's fees should be based upon a "lodestar" calculation combined with this Court's evaluation of the reasonableness of the fees. The "lodestar" method is the product of an attorney's usual hourly rate and the number of hours worked. *Lindy Bros. Builder, Inc. v. Am. Radiator & Standard Sanitary Corp.,* 487 F. 2d 161 (3rd Cir. 1973). The Supreme Court held in *Hensley v. Eckerhart* that the district court could adjust the lodestar in setting the reasonable fee. *Hensley v. Eckerhart,* 461 U.S. 424, 434-38 (1983). The Second Circuit has also abandoned the concept of using a pure lodestar calculation to determine reasonable attorney fees and instead has held that the district court should "bear in mind all of the case-specific variables to determine a reasonable attorney fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* 522 F.3d 182, 190 (2nd Cir. 2008). A district court using the lodestar method should set the lodestar *and then* consider whether, in light of variables such as the difficulty of the case, it should adjust the lodestar before settling on the reasonable fee it was ultimately inclined to award. *Id.* at 187. A presumptively reasonable attorney fee can be calculated by determining "the appropriate billable hours expended and 'setting a reasonably hourly rate, taking account of all case-specific variables.'" *Lilly v. City of New York,* 934, F.3d 222, 229-230 (2nd Cir. 2019). In *Johnson v. Georgia Highway Express, I*nc, the 5th Circuit developed a set of twelve factors that should be considered to calculate a reasonable attorney fee:

the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill v. County of Albany,* 522 F.3d at 189 - 190 (citing *Johnson v. Georgia Highway Exp.*, Inc. 488 F.2d 714, 717-719 (5th Cir. 1974). While the *Johnson* court has been criticized for its lack of simplicity, these factors continue to be used within the 2nd Circuit to guide district courts in determining a reasonable fee. *Lilly,* 934 F.3d at 233. The factors set forth by the *Johnson* court "remain important tools for helping district courts calculate lodestar and, in exceptional cases, determining whether an enhancement or cut to the lodestar is warranted. *Id.*

A district court is in the best position to decide attorneys' fees. "[I]t remains for the district court to determine what fee is 'reasonable'." *Hensley*, 461 U.S. at 433; *Mares v. Credit Bureau of Raton*, 801 F.2d 1197 (10th Cir. 1986)(generally refer to district court's judgment as it saw they attorney's work first hand). In addition, the district court does not need to identify each hour deleted or each hour approved. "It is within the district court's broad discretion, given its first-hand experience of the litigation as a whole, to make a holistic determination, rather than a meticulous accounting in deciding the appropriate fee." *Sinajini v. Bd. of Educ. of San Juan County Sch. Dist.*, 53 Fed. Appx. 31, 39 (10th Cir. 2002); *New York State Association for Retarded Children v. Carey*, 711 F.2d 1136 (2nd Cir. 1983)(district courts not required to identify and justify each disallowed hour); *Lipsett v. Blanco*, 975 F.2d 934 (1st Cir. 1996)(court has extremely broad discretion in fashioning fee award); *Copeland v. Marshall*; 641 F.2d 880 (D.C. Cir. 1980).

Therefore, this Court should calculate Defendant's fee award based upon both the lodestar and the reasonableness of the fee.

### 1. Plaintiff has the burden to present evidence contesting the reasonable rate.

The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *United States Football League v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989); *Gates v. Deukmejian*, 987 F.2d 1392 (9th Cir.1992) (fee opponent must submit evidence). "[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant." *Brinker v. Giuffrida*, 798 F.2d 661 (3d Cir. 1986).

### 2. Attorney Fee Request

LaszloLaw represents Defendant and has had a long-standing relationship with Defendant that pre-dates the litigation of this matter. Mr. Michael J. Laszlo is a partner at LaszloLaw. Mr. Laszlo drafted and filed his motion for pro hac vice admission, communicated with Plaintiff's counsel, and supervised the drafting of all pleadings. As lead counsel, Mr. Laszlo reviewed and assisted with the drafting of both the Motion to Dismiss Plaintiff's Complaint and the Motion to Dismiss Plaintiff's First Amended Complaint. Defendant is seeking reimbursement for Mr. Laszlo's time. A copy of all relevant and reasonable time billed by Mr. Laszlo is attached hereto as Exhibit C, LaszloLaw Invoices.

Ms. Veronica L. Vecchio is an associate at LaszloLaw. Ms. Vecchio drafted and filed her motion for pro hac vice admission. Ms. Vecchio drafted Defendant's Motion to Dismiss and Memorandum in Support of Defendant's Motion to Dismiss, drafted Defendant's Corporate Disclosure Statement, drafted Defendant's Letter Motion for Extension and drafted and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. She also drafted Defendant's Motion for Attorney's Fees and Costs and Memorandum of Law in Support of

Defendant's Motion for Attorneys' Fees and Costs. A copy of all relevant and reasonable time billed by Ms. Vecchio is also attached hereto on Exhibit C.

### 3.     The rates sought by Defendant's attorneys are reasonable.

A reasonable rate is determined by evaluating the rates charged by attorneys in similar circumstances with similar experience. *Kelly v. Wengler,* 822 F. 3d 1085, 1099 (9th Cir. 2016). In order to determine a reasonable fee, this Court may consider the following factors:

> The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Sarwar v. Lake Placid Hotel Partners, LLC,* 2022 WL 833374, at *2 (N.D.N.Y. Mar. 21, 2022) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 430 (1983)). The hourly rate is based, in turn, on "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.,* 652 F.3d 277,289 (2nd Cir. 2011). "Rates are determined based on the market in the "district in which the reviewing court sits." *Id.* at 290 "Courts use contemporaneous time records indicating the number of hours expended and the nature of the work done to determine the reasonable hours expended." *Bowman v. Realty,* 2016 WL 3676669, at *3 (S.D.N.Y. July 6, 2016). Hourly rates in the Southern District of $300-$400 per hour are reasonable for civil rights attorneys. *Id.; Dancy v. McGinley,* 141 F. Supp. 3d 231, 238 (S.D.N.Y. 2015).

LaszloLaw has a long-standing relationship with its client, Defendant Extract Labs who specifically requested that our firm represent it in this matter. At his client's request, Mr. Laszlo

and Ms. Vecchio sought and obtained pro hac vice admission to the Southern District of New York. Mr. Laszlo's rate for this case is $375 per hour. Mr. Laszlo has been practicing law in the state of Colorado since 2006 and has participated many cases throughout the country since that time. Mr. Laszlo's rate is reasonable and consistent with what other attorneys with similar experience charge. Ms. Vecchio's rate for this case was $325.00/hour and increased to $375 per hour in 2023. Ms. Vecchio has been practicing Colorado since 2004 and Ms. Vecchio also has extensive litigation experience and her rate is consistent with the rates of other attorneys with similar experience.

The fees billed in this case are reasonable. Each attorney has attached a declaration in support of this Motion for Attorneys' Fees and Costs. *See* Exhibits D and E attached hereto. Mr. Laszlo is licensed to practice law in the states of Arizona, California, Colorado, Ohio and Washington, as well as many United States District Courts, including those of Colorado and Arizona as well as the Sixth, Ninth and Tenth Circuit Courts of Appeals. *See* Declaration of Michael J. Laszlo attached hereto as Exhibit D. Ms. Vecchio is licensed to practice law in the state of Colorado and the state of Illinois and in the United States District Court for the District of Colorado and the United States District Court for the Northern District of Illinois. *See* Declaration of Veronica L. Vecchio attached hereto as Exhibit E. The rates of Mr. Laszlo and Ms. Vecchio are reasonable in the community and commensurate with the rates of attorneys with like skill and experience.

### III. CONCLUSION

In conclusion, Defendant requests this Court award its reasonable attorneys' fees and costs. Defendant should be permitted to recover its reasonable fees because Defendant is the prevailing party in this case and Plaintiff's continued pursuit of its claims were frivolous in light of Plaintiff's knowledge that Defendant had remediated the website. Plaintiff has wasted this Court's and Defendant's time and resources.

WHEREFORE, Defendant respectfully requests that this Court enter an Order awarding Defendant, and its counsel, attorneys' fees in the amount of $32,797.50 plus $1,012.28 in costs for a total award of $33,809.78.

Dated: April 12, 2023

**LASZLOLAW**

By: s/ *Veronica L. Vecchio*
    Veronica L. Vecchio
    Michael J. Laszlo
    LaszloLaw
    2595 Canyon Blvd., Ste. 210
    Boulder, CO 80302
    Tel: (303) 926-0410
    Fax: (303) 704-0758

*Attorneys for Defendant*