UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――― x
VICTORIANO TAVAREZ, Individually, and : Civil Action No.: 1:21-cv-9916 (JPO)
On Behalf of All Others Similarly Situated, :
 :
                 Plaintiff, :
 :
   vs. :
 :
EXTRACT LABS, INC., :
 :
                 Defendant. :
 :
―――――――――――――――――――――― x

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
<u>MOTION FOR FEES AND COSTS</u>**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND…………....................................... 2

III. LEGAL ARGUMENT........................................................................................................ 3

    A. DEFENDANT IS NOT A "PREVAILING PARTY"…..…………………………….3

    B. DEFENDANT HAS FAILED TO ESTABLISH THAT THE PLAINTIFF'S CLAIM WAS FRIVOLOUS, UNREASONABLE, OR GROUNDLESS, OR THAT THE PLAINTIFF CONTINUED TO LITIGATE AFTER IT CLEARLY BECAME SO..................................................................................................................................4

    C. DEFENDANT IS ENTITLED TO NO ATTORNEYS' FEES, OR, IN THE ALTERNATIVE, A NOMINAL FEE AWARD…………………………………..8

IV. CONCLUSION……….……………………………………………………………12

# **TABLE OF AUTHORITIES**

**Pages**

**CASES**

*Access 4 All, Inc. v. Ulster Heights Props.*, 2008 U.S. Dist. LEXIS 107190

 (S.D.N.Y. December 10, 2008)……………………………………………...…………………5

*AFSCME v. County of Nassau*, 96 F.3d 644 (2d Cir. 1996)…………………………………6, 7

*Alexander v. Private Protective Servs.*, 2022 U.S. Dist. LEXIS 89712

(S.D.N.Y. May 18, 2022)……………………………………………………………………5, 6

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182

 (2d Cir. April 24, 2007)………………………………………………………………………9, 11

*Barzilay v. City of New York*, 2023 U.S. Dist. LEXIS 64506

(S.D.N.Y. April 12, 2023)…………………………………………………………………...…11

*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1977)..5

*CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016)……………………….…………3

*Dial Corp. v. News Corp.*, 317 F.R.D. 426 (S.D.N.Y. October 31, 2016)………………….....11

*Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511 (S.D.N.Y. April 29, 2015)………...…10

*Fashion TV LLC v. APT Satellite Co.*, 2018 U.S. Dist. LEXIS 153890

(S.D.N.Y. Sep. 10, 2018)……………………………………….…………………………….4

*Feltzin v. Union Mall LLC*, 393 F. Supp 3d 204 (E.D.N.Y. March 12, 2019)……………………9

*Fisher v. SD Prot. Inc.*, 948 F.3d 593 (S.D.N.Y. February 4, 2020)……………………..12

*Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167 (2000)……………...…7

*Greene v. City of New York*, 2013 U.S. Dist. Lexis 154242, (S.D.N.Y. October 25, 2013)…......10

*Guglielmo v. Neb. Furniture Mart, Inc.*, 2021 U.S. Dist. LEXIS 171242

(S.D.N.Y. September 9, 2021)……………………………………………………………4, 7, 8

*Harbulak v. Suffolk County*, 654 F.2d 194 (2d Cir. 1981)…………………………..………..5

*Independence Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482

(S.D.N.Y. August 3, 2019)..……...……………………………………………………….3

*Kappenberger v. Oates*, 663 F. Supp. 991 (S.D.N.Y. July 1, 1987)……………………….....5

*Mercer v. Jericho Hotels, LLC*, 2019 U.S. Dist. LEXIS 199897 (S.D.N.Y. Nov. 18, 2019)…..…7

*Parker v. Sony Pictures Entm't*, 260 F.3d 100 (2d Cir. 2001)…………………………………….5

*Perez v. Westchester Cty. Dep't of Corr.*, 587 F.3d 143 (2d Cir. 2009)……………..………….3

*Raja v. Burns*, 43 F.4th 80 (2d Cir. 2022)………………………..……………………………11

*Rogers v. Subotic LLC*, 2019 U.S. Dist. LEXIS 14132 (S.D.N.Y. January 29, 2019)………..…10

*Tavarez v. Extract Labs, Inc.,* 2023 U.S. Dist. LEXIS 55615 (S.D.N.Y. Mar. 30, 2023)………...1

**STATUTES/RULES**

Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*…......…………………....1, 2, 3, 8-11

Federal Rules of Civil Procedure 12(b)(1)……………………………………………….…..….3

Federal Rules of Civil Procedure 12(b)(6)………………………………………………………...3

New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 *et seq*.…………..1, 2

## I. INTRODUCTION

Two months ago, this Court dismissed two of the Amended Complaint's causes of actions. The Court further granted defendant Extract Labs, Inc.'s (Defendant") motion to dismiss the third cause of action brought under the New York City Human Rights Law ("NYCHRL"), yet crucially (for this fee motion) the Court stated as follows:

"The NYCHRL claim is dismissed ***without prejudice to refiling in state court***."

*See Tavarez v. Extract Labs, Inc.*, 21-CV-9916 (JPO), 2023 U.S. Dist. LEXIS 55615, *13 (S.D.N.Y. Mar. 30, 2023) (emphasis added).

To deserve an award of fees and costs, Defendant must first show that it is the prevailing party, but it cannot do so since Plaintiff's NYCHRL claim was not dismissed on the merits – it was merely dismissed ***without prejudice*** to be filed in a different venue. Since the Court granted leave for Plaintiff to bring a new action against Defendant in state court, the legal relationship between the parties has not been entirely severed (despite this case being closed) and, therefore, Defendant cannot be considered a prevailing party.

Nor can Defendant persuasively demonstrate that this action was frivolous or vexatious and, thus, it is not entitled to attorneys' fees. Nevertheless, Defendant has made a scurrilous motion for attorneys' fees that does not even attempt to seriously analyze the Court's Order to demonstrate that the claims were frivolous. The tenor, tone and substance of this Court's Order dismissing the action ***actually supports*** the fact that Plaintiff's claim was legally meritorious and that he most probably would have won this motion if not based on his counsel's silly (yet fatal error) when failing to attach an expert's CV to the declaration in support of Plaintiff's opposition motion. Since the Court could not assess the expert's credentials, the expert's opinion could not be considered by the Court, and Defendant's evidence supporting mootness went basically unchallenged.

Plaintiff is a legally blind individual who is indigent. To force him to pay a corporation's legal fees pushes the envelope of fairness, as he genuinely brought this action to prevent discrimination under the Americans with Disabilities Act of 1990 ("ADA") and NYCHRL. Plaintiff lost a motion to dismiss in the early stages, and Plaintiff did not move for reconsideration or push for an appeal to continue/further push this litigation. This Court should respectfully deny Defendant's motion and allay this Plaintiff's fear of having to shell out thousands of dollars that he simply does not even have.

Furthermore, under the hypothetical circumstance that this Court does find it appropriate to award attorneys' fees to Defendant, Defendant's attorneys are entitled to only a nominal payment. Defendant's out-of-state attorneys lack experience in ADA litigation; they have assigned senior attorneys to perform tasks that could have been accomplished by junior associates, interns, or paralegals; and the tasks that its attorneys have performed lack complexity and required little in the way of professional sophistication. Plaintiff's position is that Defendant attorneys are not entitled to any attorney fee award under well settled law; but, for all of the reasons set forth *infra*, any fee award that they do receive must be calculated at the most nominal rate permissible.

It is not simply Plaintiff's position – indeed, other Southern District of New York judges confronted with very similar sets of circumstances in ADA and NYCHRL website accessibility actions have denied motions for fees and costs after granting motions to dismiss. This Court should respectfully follow that same path here.

II. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff visited the website www.extractlabs.com ("Website") in August 2021 with the goal of purchasing a product on the website. Plaintiff is legally blind. The World Wide Web Consortium's Web Content Accessibility Guidelines version 2.1 ("WCAG 2.1") is a set of best

practices for promoting maximum accessibility to websites for the visually impaired. Because the design of Defendant's Website does not accord with WCAG 2.1, Plaintiff was unable to use the Website to purchase the goods for sale there despite his desire to do so. *See* Amended Complaint at ¶1.

Plaintiff subsequently filed suit against Defendant as the owner and operator of the Website, alleging violations of Title III of ADA, 42 U.S.C. § 12101 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Administrative Code §§ 8-101 *et seq.* on the basis that the Website is not equally accessible to blind and visually-impaired consumers. *See id.*

On June 8, 2022, Defendant submitted a motion to dismiss the action with prejudice for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1) and for failure to state a claim for which relief can be granted under Federal Rules of Civil Procedure 12(b)(6). *See* Docket Nos. 13, 14. On March 30, 2023, this Court granted the motion on 12(b)(1) grounds but without prejudice as to the filing of the claim in another jurisdiction. *See id*. at 9. On April 12, 2023, Defendant submitted its motion for attorneys' fees and costs. *See id.* at 31, 32.

III. **LEGAL ARGUMENT**

A. **DEFENDANT IS NOT A "PREVAILING PARTY"**

The Supreme Court has held that "[b]efore deciding whether an award of attorney's fees is appropriate in a given case, … a court must determine whether the party seeking fees has prevailed in the litigation." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016). To be deemed a prevailing party, the litigant must have achieved "a material, judicially-sanctioned alteration of the legal relationship that favors it." *Independence Project, Inc. v. Ventresca Bros. Constr. Co.*, 397 F. Supp. 3d 482, 490 (S.D.N.Y. August 3, 2019) (citing *Perez v. Westchester Cty. Dep't of Corr.*, 587 F.3d 143, 149 (2d Cir. 2009)).

Here, Defendant claims that it is the prevailing party in this case because the case was dismissed without prejudice for lack of subject matter jurisdiction. *See* Docket No. 32, Def. Mem. at 5. Defendant's claim betrays a misunderstanding of the applicable law in this district, as it has been held in the SDNY that dismissal without prejudice does not alter the legal relationship between the parties if said dismissal does not preclude a plaintiff from asserting its claim in a proper jurisdiction. *See Fashion TV LLC v. APT Satellite Co.*, 2018 U.S. Dist. LEXIS 153890, *13 (S.D.N.Y. Sep. 10, 2018) ("…because the legal relationship of the parties was not conclusively altered, in that the plaintiff could refile the claim in another venue.").

In *Guglielmo v. Neb. Furniture Mart, Inc.*, 2021 U.S. Dist. LEXIS 171242 (S.D.N.Y. September 9, 2021), the Court held that a defendant was the prevailing party where the case had been dismissed for lack of subject matter jurisdiction and personal jurisdiction, and the plaintiff was not able to remedy the deficiencies for refiling the action in any other court. *See* 2021 U.S. Dist. LEXIS 171242, at *10-*11. This case may be distinguished from *Guglielmo* because the order of dismissal explicitly provided leave for refiling the action in *state* court. *See* Docket No. 30 at 9. Plaintiff therefore retains the right to sue Defendant on essentially the same claim, albeit in state court. It is important to note that even though the disposition in *Guglielmo* was more definitive than in this case, ***the Court there still denied defendant's motion for fees and costs***.

Rather than alter the legal relationship between the parties, the order of dismissal here only returned the parties to the legal equivalent of square one. Therefore, Defendant is not a prevailing party in this matter and is not entitled to attorney fees.

    **B. <u>DEFENDANT HAS FAILED TO ESTABLISH THAT THE PLAINTIFF'S CLAIM WAS FRIVOLOUS, UNREASONABLE, OR GROUNDLESS, OR THAT THE PLAINTIFF CONTINUED LITIGATE AFTER IT CLEARLY BECAME SO</u>**

    i.  **Plaintiff's case was not frivolous, unreasonable, or groundless at the outset**

The Supreme Court has held that fee applications of a prevailing plaintiff and a prevailing defendant will not be judged by the same standard. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1977). Under *Christiansburg*, a prevailing defendant in a Title VII case is entitled to recover its reasonable attorneys' fees only if the plaintiff's claim has been shown to be "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith [. . .] or that the plaintiff continued to litigate after it clearly became so." *Id.* At 421-422; *see also Access 4 All, Inc. v. Ulster Heights Props.*, 2008 U.S. Dist. LEXIS 107190, *8 (S.D.N.Y. December 10, 2008). The Second Circuit's approach is to award attorneys' fees to defendants under *Christiansburg* where plaintiffs have presented cases based on fact patterns so "wholly frivolous" as to appear "absurd."

In *Harbulak v. Suffolk County*, 654 F.2d 194, 195 (2d Cir. 1981), for example, the Second Circuit upheld an award of attorneys' fees to a defendant where plaintiff claimed that a police officer had "entered" his car by placing a traffic summons on his windshield. This was transparently "absurd" from the outset. *See also Kappenberger v. Oates*, 663 F. Supp. 991, 994 (S.D.N.Y. July 1, 1987) (awarding attorneys' fees to a defendant where a defendant proved that all of plaintiff's claims had been fabricated).

In its application of the *Christiansburg* standard to ADA cases, the Second Circuit has held that a claim is "frivolous, unreasonable, or groundless" only when it plainly lacks merit. *Id.* at *9; *see also Parker v. Sony Pictures Entm't*, 260 F.3d 100, 111-12 (2d Cir. 2001). This Court has awarded attorney fees to a defendant where the plaintiff had notice of a fundamental mistake of law in his claim at the outset of the litigation. *Alexander v. Private Protective Servs.*, 2022 U.S. Dist. LEXIS 89712, *5 (S.D.N.Y. May 18, 2022) (holding that the plaintiff's claim was frivolous and defendant was entitled to attorneys' fees in action for monetary damages brought under Title

II of the ADA, where plaintiff had notice at the outset of the litigation that no monetary damages are recoverable under Title II).

Following *Christiansburg*, the Second Circuit decides whether a suit plainly lacks merit based not on whether a plaintiff loses the case, or a piece of evidence or witness testimony is disbelieved in the course of litigation, but instead considers the posture of the case at the outset of the proceedings. *See AFSCME v. County of Nassau*, 96 F.3d 644, 652 (2d Cir. 1996). At the outset of this action, Plaintiff established a *prima facie* case based on a good-faith recitation of the relevant law and applicable facts. Docket No. 1 at 10-13. *See AFSCME, supra*, 96 F.3d at 651 (holding that where the plaintiff established a *prima facie* case, the action was not frivolous, unreasonable, or groundless at the outset). Significantly, Defendant does not dispute the truth of Plaintiff's assertions that he attempted to avail himself of the Website in order to purchase goods, nor does Defendant assert that Plaintiff acted knowingly on an error of law. *Cf. Alexander v. Private Protective Servs.*, *supra*, 2022 U.S. Dist. LEXIS 89712 at *5.

This case was dismissed for lack of subject matter jurisdiction because Plaintiff's attorney neglected to include the CV of expert witness Robert Moody and a copy of an audit in his Amended Complaint. *See* Docket No. 30, at 9. Because those important documents were not included in the Amended Complaint, Mr. Moody's testimony was not credited. *Id.* However, the Second Circuit has held that award of attorney fees is not appropriate where a plaintiff introduced evidence that, if credited, would have sufficed to support a judgment. In *AFSCME*, the Second Circuit upheld the denial of attorneys' fees to a defendant where the trial court discounted testimony of two expert witnesses but those witnesses' testimony would have supported a judgment in favor of plaintiff if credited. *AFSCME, supra*, 96 F.3d at 651. Here, Robert Moody's expert analysis supported Plaintiff's argument that the Website was not fully compliant with the ADA; had this testimony

6

been credited, it could well have prevented the dismissal of the case. *See* Docket No. 30 at 7. Therefore, as in *AFSCME*, the award of attorneys' fees to Defendant is not appropriate here.

>   ii.    **Plaintiff did not continue to pursue the litigation after it clearly became frivolous, unreasonable, or groundless**

If a defendant cannot demonstrate that a plaintiff's case is frivolous, unreasonable, or groundless at the outset, defendant may obtain attorney fees only if the plaintiff continued to litigate after its claims clearly became frivolous, unreasonable, or groundless. *AFSCME, supra*, 96 F.3d at 652. Here, Defendant argues that Plaintiff had knowledge that his action was moot but continued to pursue the litigation. *See* Def. Mem., Docket No. 32 at 2-6. However, Defendant pleads no facts to support such a conclusion. *Id.* In its brief, Defendant argues that Plaintiff's action was frivolous because its attorney told Plaintiff's attorney on January 7, 2022 that the website had been remediated. *See id.* at 5 (*note* that Defendant's brief states the relevant date as "January 7, 2021" due to what is apparently a typographical error).

Plaintiff had no legal obligation to accept the truth of Defendant's assertion at face value. *See Guglielmo v. Neb. Furniture Mart, Inc.*, 2021 U.S. Dist. LEXIS 171242, *17 (holding that Plaintiff was not required to conclude that his ADA claims were moot just because Defendant told him that he had taken steps to ensure the website at issue was ADA compliant). On the contrary, a defendant must meet a "formidable burden" of showing it is "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur" for a plaintiff's claim to be mooted. *Id.* at *17 - *18 (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000)); *see also, e.g.*, *Mercer v. Jericho Hotels, LLC*, 2019 U.S. Dist. LEXIS 199897 at *3 (S.D.N.Y. Nov. 18, 2019). In its brief, Defendant pleads no facts other than a conclusory statement by Defendant's own counsel to suggest that Plaintiff should have considered his own case moot. Docket No. 32 at 5. Since Defendant's attorney is clearly an interested party in the matter, the mere

7

fact that such an attorney would encourage his adversary to drop an action hardly makes it "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur".

Defendant does not refer to the declarations by Grant Rogers. Assuming, *arguendo,* that Defendant meant somehow to imply that the Rogers declarations gave sufficient notice to Plaintiff for a decision on mootness to be made, those declarations and their supporting exhibits also fail the test under *Guglielmo*. None of the information provided in the declarations or their supporting exhibits indicate whether or not the discriminatory elements of the Website, identified in Plaintiff's Complaint, will resume or persist in the future. *See* Docket Nos. 28, 32. Therefore, they, too, fail to make "absolutely clear the alleged wrongful behavior could not reasonably be expected to recur."

### C. **DEFENDANT IS ENTITLED TO NO ATTORNEYS' FEES, OR, IN THE ALTERNATIVE, A NOMINAL FEE AWARD**

Defendant has moved for attorney Michael J. Laszlo, partner at the firm of LaszloLaw, to be compensated at the rate of $375 per hour, for 9 hours, for a total of $3,375 in attorney fees. Docket No. 32-4 at 2. Defendant has also moved for attorney Veronica L. Vecchio, associate at LaszloLaw, to be compensated at a rate of $325 per hour for her work prior to 2023 and $375 for her work in 2023, for 88.5 hours, for a total of $29,422.50 in attorney fees. Docket No. 32-5 at 2. Finally, Defendant has also moved for reimbursement of $1,012.28 in costs. *Id.*

As stated in the preceding section, Plaintiff has no legal right to an award of attorneys' fees. Assuming, *arguendo*, that some avenue exists whereby Defendant could be found under purely hypothetical circumstances to be entitled to attorneys' fees, Defendants' attorneys are entitled to nominal fees only. The attorneys' lack of experience in ADA litigation; their failure to document their lack of experience in ADA location; the lack of complexity of the issues developed;

8

and Defendant's overreliance on senior attorneys to perform tasks better suited to junior associates, interns, or paralegals all militate strongly in favor of reducing these attorneys' fees.

In setting a "lodestar" hourly rate for the award of attorneys' fees, courts in the Second Circuit consider what a reasonable, paying client would be willing to pay for the services rendered. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. April 24, 2007).

Courts in the Second Circuit consider a plethora of factors when determining the appropriate hourly rate for attorneys' fees. *Id.* at 190. Among these, one of the most important is the level of experience in the relevant legal practice field of the attorneys who are seeking the fee award. *Feltzin v. Union Mall LLC*, 393 F. Supp 3d 204, 214 (E.D.N.Y. March 12, 2019). Assuming *arguendo* that attorneys Michael J. Laszlo and Veronica L. Vecchio are entitled to any attorneys' fees, both lawyers' lack of experience in the field of ADA litigation warrants nominal fees at best. Mr. Laszlo's page on the LaszloLaw website indicates that he "focuses his practice on business law and commercial litigation, with an emphasis on business disputes, torts, trade secret, trademark, liquor and other complex commercial disputes".[1] Similarly, Ms. Vecchio's page on the LaszloLaw website characterizes her as has having "extensive litigation experience for local and national clients and focuses on commercial and civil litigation, liquor licensing, and collection law".[2] Neither Mr. Laszlo nor Ms. Vecchio included any description of their expertise in the field of ADA litigation in their affidavits. *See* Docket Nos. 32-4 and 32-5, Appendices D and E to Memorandum of Law in Support of Defendant's Motion for Attorney's Fees and Costs, at 1-2 and 1-2 (respectively).

---

[1] https://www.laszlolaw.com/michael-j-laszlo/

[2] https://www.laszlolaw.com/veronica-vecchio/

Neither attorney's work in this case warrants a rate of $325 or $375 per hour due to Mr. Laszlo and Ms. Vecchio's lack of experience in ADA litigation. SDNY courts have awarded attorneys for prevailing plaintiffs between $100 and $650 per hour depending on experience. *Echevarria v. Insight Med., P.C.*, 102 F. Supp. 3d 511, 518 (S.D.N.Y. April 29, 2015), (citing *inter alia Abdell v. City of New York*, 2015 U.S. Dist. LEXIS 15510, *3 (S.D.N.Y. March 2, 2015) and *Greene v. City of New York*, 2013 U.S. Dist. Lexis 154242, *4 (S.D.N.Y. October 25, 2013)). This Court has held that $350 per hour is a reasonable rate for an attorney in an ADA action who has 15 years of experience in the field. *Rogers v. Subotic LLC*, 2019 U.S. Dist. LEXIS 14132, *3 - *4 (S.D.N.Y. January 29, 2019).

Here, Ms. Vecchio and Mr. Laszlo should be awarded the lowest permissible nominal fee due to what appears to be a combined zero years of experience in ADA litigation. Furthermore, Defendant's Memorandum makes no effort to document their experience in ADA litigation.

Courts in the Second Circuit will also reduce the hourly rate of attorneys who perform tasks that could have been assigned to junior associates, interns, or paralegals at substantially lesser expense. *See Feltzin, supra*, F. Supp. 35 at 216. Ms. Vecchio may technically be an associate at LaszloLaw, but she charges a rate of $325 for her pre-2023 work that is comparable to the $375 rate of her senior colleague, the partner Mr. Laszlo, and for their work in 2023 the two colleagues both charge $375. Among the charges that attorneys for Defendant enumerate in Exhibit C to Defendant's Memorandum are many tasks that could easily have been performed by more junior associates, interns, or paralegals working at a much lower rate than Ms. Vecchio or Mr. Laszlo. On December 7, 2021, for example, Ms. Vecchio billed for 0.8 hours, at a rate of $325 per hour, for "Review PACER, ICCES for ADA lawsuit, contacting Plaintiff's counsel re waiver, review of class action". Docket No. 32-3 at 2. Similarly, on January 3, 2022, Ms. Vecchio could have

assigned a law student to "[r]eview local rules regarding Motion to Dismiss," but instead performed the task herself, at a rate of $325 per hour for 0.6 hours work, charging her client $195. *Id.* at 4. Between January 6 and January 12, 2022 Ms. Vecchio billed separately for the tasks of "Review of file in preparation for Motion to Dismiss" (1.2 hours), drafting the introduction and statement of facts for the Motion to Dismiss (3 hours), drafting the legal argument for the Motion to Dismiss (2.7 hours), again drafting the legal argument for the same motion (1.6 hours), and again drafting the legal argument for the same motion later on the same day (2 hours). *Id.*

It is typical practice in a law firm of almost any size for a junior associate, intern, or paralegal to perform routine drafting tasks rather than senior associates or partners; the whopping 97.5 hours of attorney time that Ms. Vecchio and Mr. Laszlo have charged on this case between the two of them should be reduced accordingly. *Dial Corp. v. News Corp.*, 317 F.R.D. 426, 434-35 (S.D.N.Y. October 31, 2016) ("courts have reduced the fee percentage requested where, as here, the lodestar value reflects an over-allocation of work to more expensive partners" (citations omitted)). *See also Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) ("In determining the number of hours reasonably expended on a case, a district court properly excludes documented hours that are excessive, redundant, or otherwise unnecessary"); *and Barzilay v. City of New York*, 2023 U.S. Dist. LEXIS 64506 (April 12, 2023), *6-7 ("Billing for excessive amounts of time spent on simple administrative tasks will be discounted by District court").

Courts in the Second Circuit will also consider the level of complexity and difficulty of the case in its calculation of a reasonable hourly rate. *Arbor Hill Concerned Citizens Neighborhood Ass'n, supra,* 522 F.3d at 184. Here, attorneys Mr. Laszlo and Ms. Vecchio did not engage substantively with ADA jurisprudence. Instead, they only effectuated the dismissal of the case without prejudice due to the absence of certain documents from Plaintiff's pleadings. *See* Docket

No. 30 at 9. Had it not been for Plaintiff's error, the litigation would be ongoing. Due to the extreme ease and simplicity with which Defendant pursued its side of this case, Defendant is entitled to no more than the lowest possible, nominal hourly rate.

Finally, Defendant has failed to document its request for reimbursement of $1,012.28. For this reason, this Court should disallow Defendant's request for $1,012.28 in costs. *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (S.D.N.Y. February 4, 2020).

### **CONCLUSION**

For the reasons set forth above, the Court should respectfully deny Defendant's motion for attorneys' fees and Costs in its entirety.

DATED:  June 2, 2023                                  **MIZRAHI KROUB LLP**


                                                                   /s/ Edward Y. Kroub
                                                                  EDWARD Y. KROUB

EDWARD Y. KROUB
225 Broadway, 39th Floor
New York, NY  10007
Telephone:  212/595-6200
212/595-9700 (fax)
ekroub@mizrahikroub.com

*Attorneys for Plaintiff*