LASZLOLAW
Veronica L. Vecchio, Esq.
vecchio@laszlolaw.com
2595 Canyon Blvd., Ste. 210
Boulder, CO 80302
Tel: (303) 926-0410
Fax: (303) 443-0758

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIANO TAVAREZ, Individually, and on behalf of d all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>EXTRACT LABS INC.,<br><br>       Defendant. | No. 1:21-cv-09916-JPO |

**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR FEES AND COSTS**

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blair v. Alstom Transp. Inc.*,
   2020 WL 4504842 (S.D.N.Y. Aug. 5, 2020).....................................................................2

*Blum v. Stenson*,
   465 U.S. 886, 896 n. 11 (1984 (2009) …...........................................................................7

*Brother v. Miami Hotel Investments*,
   341 F. Supp. 2d 1230 (S.D. Fla. 2004) …..........................................................................5

*Capozzi v. City of Albany.*,
   565 F. Supp. 771, 774 (N.D.N.Y 1983) .............................................................................6

*Carter v. HealthPort Techs., LLC.*,
   882 F. 3d 47, 54 (2d Cir. 2016) …....................................................................................2

*CRST Van Expedited, Inc. v. E.E.O.C.*,
   578 U.S. 419 (2016) …......................................................................................................3

*Gierlinger v. Gleason*,
   160 F. 3d 858, 882 (2d Cir. 1998) …................................................................................7

*Guglielmo v. Nebraska Furniture Mart, Inc.*,
   2021 WL 4124660 (S.D.N.Y. September 9, 2021)…….....................................................2, 3

*Parker v. Sony Pictures Ent. Inc.*,
   556 U.S. 662 (2009) …......................................................................................................2

*Shayler v. 1310 PCH, LLC.*,
   51 F. 4th 1015, 1018 (9th Cir. 2022) …............................................................................6

*Swartz v. HCIN Water Street Assocs.*,
   2018 WL 5629903 (S.D.N.Y. Oct. 31, 2018)….................................................................7

*Winegard v. Golftec Intellectual Property, LLC*,
   2023 WL 3672540 (E.D.N.Y. May 3, 2023) …..................................................................3, 4, 5, 6

**Other Authorities**

Rule 12(b)(1) ...............................................................................................................................2, 3

42 U.S.C. § 12205...........................................................................................................................2, 6

 Rule 54 .................................................................................................................................................6

New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-101 *et seq*…....................2

Defendant, Extract Labs, Inc. ("Defendant" or "Extract Labs") respectfully submits this Memorandum of Law in reply to Plaintiff's Opposition to Defendant's Motion for Fees and Costs.

## I.        INTRODUCTION

Extract Labs recognizes that it is rare for a prevailing defendant to be awarded attorney's fees under the ADA. However, this case is different, and attorney's fees are available to a prevailing ADA defendant in egregious cases such as this one. This case is a glaring example of a plaintiff litigating claims after it became clear they were unreasonable, frivolous, or groundless. Looking at Plaintiff's actions throughout this litigation is not engaging in *post hoc* reasoning because Extract Labs is not asking the Court to assume that, because Extract Labs ultimately prevailed, Plaintiff's claims were frivolous. Rather, Plaintiff's specific actions in this case illustrate he *continued* to litigate after it clearly became so.  On January 20, 2022, Defendant's counsel informed Plaintiff's counsel that the website had been remediated.  However, Defendant failed to even look at the website again until May 4, 2022, the date his Amended Complaint was due. Plaintiff's decision to continue litigating after he became aware the case was moot demonstrates why an award of fees is appropriate.

Additionally, Extract Labs' attorneys' fees and costs are reasonable and properly documented.  Defendant's counsel, as detailed below, has experience defending ADA website cases.  Furthermore, Plaintiff nonsensically makes conflicting arguments that on the one hand Defendant's counsel should have extensive experience in ADA litigation while at the same time arguing that the defense of the matter should have been assigned to junior associates, paralegals or law students.   Counsel for Defendant billed in accordance with the lodestar method and its rates are fair and reasonable based upon their litigation experience.  As detailed below, Defendant's Motion for Attorney's Fees and Costs should be granted.

## II.        LAW AND ARGUMENT

In the court's discretion, it may award a prevailing defendant attorneys' fees under 42 U.S.C. § 12205 if the claims were "frivolous, groundless, *or … the plaintiff continued to litigate after it clearly became so.*" *Parker v. Sony Pictures Ent. Inc.*, 260 F.3d 100, 110, 111 (2d. Cir. 2001) (emphasis added.)  Extract Labs is the prevailing party and Plaintiff continued to litigate after it became clear his claims were frivolous, unreasonable, or groundless.

### A.        Extract Labs Is the Prevailing Party.

Defendant is "unquestionably" the prevailing party because the Court's dismissal of his First Amended Complaint ("FAC") "unambiguously rebuffs [Plaintiff's] attempt to effect a material alteration in the legal relationship between the parties." *Guglielmo v. Nebraska Furniture Mart, Inc.*, 2021 WL 4124660, at *3–4 (S.D.N.Y, September 9, 2021), *citing Blair v. Alstom Transp., Inc.*, No. 16 Civ. 3391 (PAE), 2020 WL 4504842, at *7 (S.D.N.Y. Aug. 5, 2020). The Court's determination regarding mootness binds the parties because it affected the rights of the parties and because otherwise, the ruling would have been an impermissible advisory opinion.

Plaintiff hangs his hat on the idea that while the Court dismissed all his claims, because the Court dismissed his NYCHRL claim without prejudice, Extract Labs is not the "prevailing party" under the ADA's fee-shifting provision.  Plaintiff is wrong.  Extract Labs moves for attorney fees under the ADA, 42 U.S.C. 12205, and his NYCHRL claim has nothing to do with Extract Labs' entitlement to an award of fees under the ADA. Plaintiff concedes that the ADA claims were dismissed with prejudice, and it is immaterial that the NYCHRL claim was dismissed without prejudice as the Court lacks authority to dismiss with prejudice when dismissing a complaint pursuant to Rule 12(b)(1). *Guglielmo*, 2021 WL 4124660, at *3–4, *citing Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2nd Cir. 2016) (collecting cases) ("[W]here there is a lack of Article III standing, 'Article III deprives federal courts of the power to dismiss a case with prejudice.'").

2

As the *Guglielmo* court stated, "a defendant's 'primary objective' is the prevention of a material alteration in the parties' legal relationship, a final judgment achieving that objective suffices to render a defendant the prevailing party." *Id. (citing, CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 430, 136 S. Ct. 1642, 1651, 194 L. Ed. 2d 707 (2016). "The fact that the dismissal was not based on the merits is no obstacle to finding that Defendant is the prevailing party." *Guglielmo*, 2021 WL 4124660, at *3–4; *CRST*, 136 S. Ct. at 1651("The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.")

Plaintiff cannot re-plead his ADA claims in any jurisdiction, nor cure through amendment the deficiencies that were the basis for dismissal. The legal relationship between the parties with respect to the ADA claims was conclusively altered. That is, Plaintiff's ADA claims cannot be brought again, in any jurisdiction. The dismissal has a preclusive effect as to the ADA claims, and it is the dismissal of those claims on which Defendant's motion for fees is based. *See* Motion at p. 2.

### B. Plaintiff Continued to Litigate His Claims After It Became Clear They Were Frivolous, Unreasonable, Or Groundless.

Here, Plaintiff's claims became frivolous as Plaintiff pursued them specifically to prolong the litigation of the matter in an obvious effort to bolster his attorney fee recovery.  This is made clear by Plaintiff's $45,000 plus remediation demand made at the outset of the litigation.  Exhibit B. p. 3. [1]  Cookie-cutter complaints that lack a factual basis to survive a challenge to 12(b)(1) standing are "clogging district courts" and have been described as a " 'scheme of systematic extortion, designed to harass and intimidate business owners into agreeing to cash settlements such that 'the means for enforcing the ADA (attorney's fees) have become more important and desirable than the end (accessibility for disabled individuals).'" *Winegard v. Golftec Intellectual Property,*

---

[1] Exhibit B to the Motion has been amended to include Extract Labs' counsel's Jan. 21, 2022, response which was inadvertently omitted in Exhibit B to the Motion.

*LLC,* 2023 WL 3672540 at \*4 (E.D.N.Y May 26, 2023).  As set forth in Extract Labs' Motion, the timeline of events in this case clearly establishes that Plaintiff continued to litigate his claims after his claims became frivolous, unreasonable, and groundless.  *See* Motion, at pp. 4-5. On January 7, 2022 and again on January 21, 2022, Extract Labs informed Plaintiff of the specifics with respect to the remediation efforts it undertook based on Plaintiff's Complaint.  Exhibit B.  Yet, instead of revisiting the website to determine whether his demand for remediation was met, Plaintiff did nothing, forcing Extract Labs to file its Motion to Dismiss.  Had Plaintiff simply revisited the Website to make a purchase (as he alleged he wanted to do once remediated) he would have learned that it had been remediated, and/or would have amended his Complaint to make new allegations. Instead, Plaintiff continued to expand the proceedings by doing the very thing Extract Labs' counsel asked him repeatedly if he was going to do — amend his Complaint.  ECF Doc. # 16. Plaintiff's tactics were unreasonable, clearly in bad faith, and designed to run up Extract Labs' legal fees, and his own in an effort to force a settlement.   "The limited resources of the federal courts need to be marshaled for resolving genuine disputes, not to provide a platform for extracting nuisance settlements that do little if anything to further the important goal of the ADA." *Winegard,* 2023 WL 3672540 at \*5. Plaintiff should not be permitted to use tactics such as these to attempt to extort a settlement from small business owners when the ultimate goal is remediation.

In his May 4, 2022, Amended Complaint, Plaintiff admitted that "[i]n August 2021, and May 4, 2022, Plaintiff browsed and attempted to transact business on Defendant's website…" ECF Doc. #18, FAC, ¶ 2.  So, incredibly, Plaintiff waited until the very day his Amended Complaint was due to re-visit Defendant's website to "attempt to transact business." *Id*. Of course, this begs the question: if Plaintiff had not "browsed and attempted to transact business on Defendant's website…" between August 2021 and May 4, 2022, how did he (or his counsel) know in January and February 2022, when he told the Court he would amend his Complaint, that

4

Defendant's remediation efforts were not sufficient? *Id.* The only logical answer is that he did not.

With respect to Defendant's remediation efforts, Plaintiff contends that he "had no legal obligation

to accept the truth of Defendant's assertion at face value." Response, at p. 7. Extract Labs does

not disagree. But even accepting that he had no legal obligation to accept the truth of Defendant's

assertion at face value, Plaintiff reasonably should have checked the website for himself to see if

his demands were met. Instead, Plaintiff quite literally did nothing when informed of the

remediation on January 7 and 21, 2022 — *the very relief he demanded*. The fact is that Plaintiff's

entire lawsuit was a sham designed to extract a settlement from Extract Labs and only when faced

with dismissal of his claims, did he attempt to revisit the website to make a purchase — *allegedly*

— May 4, 2022, the very date his FAC was due. FAC, ¶ 2.

Plaintiff intentionally expanded the litigation of this matter by ignoring Defendant's

remediation efforts and Defendant's counsel's numerous efforts to discuss resolution of case in

light of the remediation efforts. If Plaintiff truly desired to "purchase certain goods and/or services

from Defendant's website in the future" (Doc. # 1, Complaint, at ¶ 3) then he reasonably would

have tried to do so once he was informed of the remediation, and he would *not* have waited until

the date his amended complaint was due to re-visit Defendant's website. Plaintiff's actions in

ignoring Defendant's counsel and the orders of this Court and his continued pursuit of this

litigation while knowing Defendant had engaged in early remediation of the website were

unreasonable and a clear effort to expand the litigation and drum up attorney's fees:

> The [ADA] was never intended to turn a lofty and salutary mission into a fee-
> generating mill for some lawyers to exploit the statutory scheme to see how many
> billable hours they could cram into a case before it is either tried or settled. They
> do a disservice to the disabled and to the vast majority of lawyers who carry out
> their duties under the ADA with skill, dedication and professionalism.

*Winegard,* 2023 WL 3672540 at *4 (citing *Brother v. Miami Hotel Investments,* 341 F. Supp. 2d

1230, 1233 (S.D. Fla. 2004). Here, Plaintiff clearly made no effort to reasonably work toward a

resolution of the case or even visit the remediated website except immediately before filing his FAC. Thus, Defendant is entitled to its attorneys' fees and costs as the prevailing party forced to continue the ongoing defense of frivolous and groundless litigation.

Next, Plaintiff blames the whole dismissal on a "silly mistake" made by his lawyer and demands this Court look beyond the silly mistake and assume that but for his mistake, the expert report would have existed, been reliable, and would have saved Plaintiff's case. Response at pp. 5-6. Plaintiff's request is absurd and simply asks the Court to reverse its decision to strike his expert and then to assume not only that the report exists, but that it adequately contradicts Extract Labs' evidence. The fact is Plaintiff offered no admissible expert testimony or report and that Plaintiff's counsel's "silly mistake" was one in a series of quite serious decisions made by Plaintiff and his counsel that cost Extract Labs tens of thousands of dollars in fees and expenses, many hours of time and effort, and cost this Court time and effort. It is clear from Plaintiff's behavior that he did not care about this case and did the absolute bare minimum to keep it alive to drive a settlement. "[T]he current ADA lawsuit binge is driven by the economics of attorney's fees… and not to further the "important goals of the ADA." *Winegard,* 2023 WL 3672540 at \*4-5, citing *Shayler v. 1310 PCH, LLC,* 51 F.4th 1015, 1018 (9th Cir. 2022). Plaintiff's blatant scheme to expand the litigation to drum up his attorney fees wasted this Court's time and resources and Defendant's time and resources.

### C.      Extract Labs' Attorneys' Fees and Costs are Reasonable.

Extract Labs has met its burden to prove the reasonableness of its fees and costs and is entitled to reasonable fees and costs pursuant to both Fed. R. Civ. Pro. 54 and 42 U.S.C. 12205. A reasonable fee is determined by multiplying the number of hours reasonably expended in the litigation by a reasonable hourly rate. *Capozzi v. City of Albany*, 565 F. Supp. 771, 774 (N.D.N.Y. 1983). In determining the reasonableness of a rate, the court looks at market rates "prevailing in

the community for similar services by lawyers of reasonable comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). Here, both the hours expended by defense counsel and the hourly rate are reasonable. This Court has previously determined a rate of $375 to $425 falls within a reasonable hourly rate for this type of litigation in the Southern District of New York. *Swartz v. HCIN Water Street Assocs.*, 17-cv-4187-ER, 2018 WL 5629903, at \*3 (S.D.N.Y. Oct. 31, 2018).

Next, Plaintiff argues Defendant is not entitled to an award of attorney's fees because the amount requested is not reasonable based on Defendant's counsel's experience with other ADA cases. Response at p. 8-12. This is a red herring.  Extract Labs' counsel are very experienced litigators both in Federal and state courts.  Extract Labs' counsel has litigated ADA website lawsuits before and counseling clients on the ADA has been a part of its practice for many years. *Dennis v. Verve Holdings*, LLC  USDC  ED  NY  1:18-cv-07150-DLI-ST; https://www.laszlolaw.com/what-you-need-to-know-about-ada-website-accessibility-lawsuits/. It is their extensive litigation experience, including their experience with ADA website defense which merits the rates sought by counsel.  Furthermore, Plaintiff inconsistently argues that counsel for Defendant lack sufficient experience in ADA litigation, yet also claims that paralegals, junior associates or law students should have performed the tasks involved in defending the litigation. Ultimately, counsel for Defendant successfully defended Plaintiff's frivolous lawsuit.  Therefore, Defendant is entitled to recover its reasonable attorney's fees and costs as the prevailing party who successfully defended litigation that was unnecessarily expanded to the point of frivolity.

III.    CONCLUSION

In conclusion, Defendant requests this Court award its reasonable attorneys' fees and costs including the cost of filing this Reply which if granted, Defendant will submit supplemental invoices and affidavits.

WHEREFORE, Defendant respectfully requests that this Court enter an Order awarding Defendant, and its counsel, attorneys' fees in the amount of $32,797.50 plus $1,012.28 in costs for a total award of $33,809.78.

Dated: June 23, 2023

**LASZLOLAW**

By: *s/ Veronica L. Vecchio*
  Michael J. Laszlo
  Veronica L. Vecchio
  LaszloLaw
  2595 Canyon Blvd., Ste. 210
  Boulder, CO 80302
  Tel: (303) 926-0410
  Fax: (303) 704-0758

  *Attorneys for Defendant*