UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――

VICTORIANO TAVAREZ, *individually and on behalf of all others similarly situated*,

                    Plaintiff,

    -v-

EXTRACT LABS, INC.,

                    Defendant.

21-CV-9916 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

        Plaintiff Victoriano Tavarez ("Tavarez") brought a putative class action lawsuit against Defendant Extract Labs, Inc. ("Extract") under the Americans with Disabilities Act ("ADA") and New York City law, asserting that Extract's website was unlawfully inaccessible to the visually impaired. The Court granted a motion to dismiss filed by Extract. Now before the Court is Extract's motion for attorney's fees and costs. For the reasons that follow, the Court denies Extract's request for attorney's fees but defers a decision on costs and directs Extract to pursue the procedure described in Local Civil Rule 54.1 to recover costs.

**I.    Background**

        The Court assumes familiarity with the underlying facts and procedural posture of the case based on its prior opinion. *See Tavarez v. Extract Labs, Inc.*, No. 21-CV-9916, 2023 WL 2712537 (S.D.N.Y. Mar. 30, 2023) (ECF No. 30).

        Tavarez commenced this litigation on November 24, 2021, bringing claims under the ADA and New York City law. (ECF No. 1.) Tavarez later filed an amended complaint (ECF No. 18), and Extract moved to dismiss that amended complaint (ECF No. 21). On March 30, 2023, this Court granted Extract's motion to dismiss. Citing two declarations provided by

1

Extract, the Court concluded that the case was moot because Extract had significantly redesigned its website to comply with the relevant laws. *Tavarez*, 2023 WL 2712537, at *3-5 (ECF No. 30 at 5-9). While Tavarez had submitted an expert declaration attesting that Extract's website still had defects that would "continue to create problems for visually disabled persons," the Court concluded that the expert submission suffered from evidentiary deficiencies and granted Extract's request to strike that submission as unreliable and lacking foundation. *Id.* at *3-4 (ECF No. 30 at 7-8.)

On April 12, 2023, Extract filed the instant motion seeking attorney's fees and costs. (ECF No. 31.) Tavarez filed an opposition (ECF No. 41), and Extract filed a reply in support of its motion (ECF No. 44).

## II.     Discussion

"The ADA permits the court in its discretion to allow the prevailing party, other than the United States, to recover reasonable attorney's fees and litigation expenses and costs." *EEOC v. J.B. Hunt Transp., Inc.*, 75 F. App'x 853, 854 (2d Cir. 2003) (summary order); *see* 42 U.S.C. § 12205 (allowing a court to grant "the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs" in actions under the ADA). Extract seeks an award of $32,797.50 in attorney's fees and $1,012.28 in costs. (ECF No. 32 at 11.)

### A.     Attorney's Fees

"When a defendant is the prevailing party on a civil rights claim," a court "may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422-23 (2016) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). While the Court concludes that Extract was the prevailing party in the underlying litigation, rendering it eligible for an award of attorney's fees and costs under the ADA's fee-

2

shifting provision, the Court denies Extract's motion for attorney's fees because Tavarez's litigation was not frivolous at either the outset or during the course of the litigation.

To begin, the Court disagrees with Tavarez's contention that Extract is ineligible for an award of attorney's fees because Extract is not a "prevailing party" under the relevant statute. *See* 42 U.S.C. § 12205; *CRST*, 578 U.S. at 422 ("Before deciding whether an award of attorney's fees is appropriate in a given case . . . a court must determine whether the party seeking fees has prevailed in the litigation."). In determining that Extract's actions brought its website into compliance with the relevant laws and rendered the dispute moot, the Court created a "material alteration of the legal relationship of the parties," which serves as the "touchstone of the prevailing party inquiry." *CRST*, 578 U.S. at 422 (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). Because the "defendant's 'primary objective' is the prevention of a material alteration in the parties' legal relationship, a final judgment achieving that objective suffices to render a defendant the prevailing party." *Guglielmo v. Neb. Furniture Mart, Inc.*, No. 19-CV-11197, 2021 WL 4124660, at *4 (S.D.N.Y. Sept. 9, 2021) (citing *CRST*, 578 U.S. at 431). Here, Extract achieved such a final judgment because the Court concluded that, on the record before it, Tavarez's claims were moot. *Tavarez*, 2023 WL 2712537, at *3 (ECF No. 30 at 5-6).

The Court also rejects Tavarez's contention that the Court's dismissal did not alter the parties' legal relationship because the dismissal was without prejudice. A defendant has "fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision," and a "defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." *CRST*, 578 U.S. at 431. As one court has explained, it is "immaterial" to the prevailing-party inquiry "that the Complaint was

3

dismissed without prejudice," as a court "lacks authority to dismiss with prejudice when dismissing a complaint pursuant to Rule 12(b)(1)." *Guigelmo*, 2021 WL 4124660, at *4 (citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016)). Indeed, the Supreme Court has identified dismissal due to mootness as a quintessential case in which "Congress could not have intended to bar defendants from obtaining attorney's fees . . . on the basis that, although the litigation was resolved in their favor, they were nonetheless not prevailing parties." *CRST*, 578 U.S. at 433-44; *see also Megna v. Biocomp Lab'ys Inc.*, 225 F. Supp. 3d 222, 224-25 (S.D.N.Y. 2016) (explaining that dismissal due to mootness constitutes a "[s]ufficient 'nonmerits' reason" to "deem a defendant a prevailing party," as such a determination "closes the court to the nonmoving party"). Nor does it matter that the Court declined to exercise supplemental jurisdiction over Tavarez's New York City Human Rights Law claim. The Court dismissed the suit in its entirety, and its decision altered the parties' relationship as to Tavarez's ADA claims, which serve as the basis for Extract's motion under the ADA's fee-shifting provision.

Still, even though Extract qualifies as a "prevailing party," the Court denies Extract's motion for attorney's fees because it does not conclude that Tavarez's claim was "frivolous, unreasonable or groundless," or that he "continued to litigate after it clearly became so." *CRST*, 578 U.S. at 422-23 (internal quotation marks and citation omitted). Extract does not appear to argue that Tavarez's motion was frivolous or unreasonable at its inception, but rather that it became so during the course of litigation. To begin, Extract points to Tavarez's refusal to accept a waiver of service as an example of Tavarez unreasonably prolonging the litigation. But Tavarez gave the plausible reason that he "want[ed] to keep this case moving," and Extract does not detail any unreasonable costs it incurred due to Tavarez's preference for regular service. (ECF No. 32-1 at 1.) Extract also cites the fact that Tavarez made a demand without supporting

documentation for the particular dollar amount requested, but Extract does not suggest that Tavarez's original complaint failed to provide a basis for Tavarez's claims, nor does Extract cite any law suggesting that a plaintiff's decision to make a settlement offer without comprehensive documentation renders its litigation frivolous or unreasonable.

Extract next contends that Tavarez's continuation of the litigation, even after it was informed by email that Extract had "remediated the website and intends to file a motion to dismiss on that basis," demonstrates the unreasonableness of the litigation. (ECF No. 32-2 at 2.) But Tavarez was not obligated to accept Extract's word that the website had been remediated, especially since it does not appear that Extract attached any documentation of the alleged remediation in its communication to Tavarez. (*See id.*) That is especially so given that the "caselaw is clear" that the litigation would be moot only if Extract met "a formidable burden of showing it is absolutely clear the alleged wrongful behavior could not reasonably be expected to recur in order for a plaintiff's claim to be mooted." *Guglielmo*, 2021 WL 4124660, at *7 (internal quotation marks and citations omitted). Tellingly, citing "the dynamic character of websites and the possibility that accessibility barriers may arise when a website is updated or otherwise changed," some courts outside of our Circuit have even concluded that "an ADA claim involving a website can never be mooted." *Id.* (citing *Diaz v. Kroger Co.*, No. 18-CV-7953, at *4 (S.D.N.Y. June 4, 2019) (collecting cases)).

Moreover, Tavarez attached an expert declaration to his opposition to Extract's motion to dismiss that attested to continuing deficiencies with Extract's website. To be sure, the Court ultimately struck Tavarez's expert declaration as "unreliable and lacking foundation" due to "[e]videntiary deficiencies" with the declaration. *Tavarez*, 2023 WL 2712537, at *4 (ECF No. 30 at 7). But the declaration included specific plausible details about Extract's continuing

5

noncompliance with the relevant statutes, and Tavarez's case did not "clearly" become "frivolous, unreasonable, or groundless" during the course of the litigation. *Christiansburg*, 434 U.S. at 422; *see Am. Fed. of State, Cnty. and Mun. Emps., AFL-CIO v. Cnty. of Nassau*, 96 F.3d 644, 652 (2d Cir. 1996) (a claim is "not necessarily frivolous because a witness is disbelieved or an item of evidence is discounted, disproved or disregarded at trial").

This case is therefore distinguishable from others in which courts have determined plaintiffs' claims to be frivolous. *See, e.g.*, *Gross v. Cineplex Odeon Corp.*, No. 94-CV-2039, 1996 WL 948796, at *1-2 (S.D.N.Y. July 29, 1996) (granting attorney's fees and costs because "the plaintiff's case was a fabrication from start to finish" and because "plaintiff acted in bad faith in bringing th[e] action"). The frivolity bar is a high one, and the Court declines to find it met here. *See Moorning-Brown v. Bear, Stearns & Co., Inc.*, No. 99-CV-4130, 1999 WL 1063233, at *5 (S.D.N.Y. Nov. 23, 1999) (explaining that in the similar Title VII context, "attorney's fees are very rarely awarded to a prevailing . . . defendant"); *cf. Gilani v. Teneo, Inc.*, No. 20-CV-1785, 2022 WL 4593040, at *2-4 (S.D.N.Y. Sept. 30, 2022) (declining to award attorney's fees even though the plaintiff "submitted illogical, nearly incomprehensible, time-consuming and frivolous motions and papers" and engaged in "behavior [that] was . . . dishonest and reprehensible"). The Court therefore denies Extract's motion for attorney's fees.

B. Costs

In addition to attorney's fees, Extract asks this Court to award $1,012.28 in costs. Federal Rule of Civil Procedure 54 directs that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A decision on whether to grant costs is not subject to the same frivolity standard as attorney's fees and is instead "committed to the sound discretion of the

district court." *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101-02 (2d Cir. 1999) (internal quotation marks and citation omitted).

This district's local rules spell out a specific process for requesting costs. Local Civil Rule 54.1 directs a party to "file with the Clerk a notice of taxation of costs" within "thirty (30) days after the entry of final judgment . . . unless this period is extended by the Court for good cause shown." Although more than thirty days have passed since the entry of final judgment in this case, Extract made its intent to request costs apparent through the filing of the instant motion, which it filed well within thirty days of the entry of judgment. (*See* ECF No. 31.) As a result, the Court finds "good cause" to extend the deadline for Extract to file a notice of taxation with the Clerk pursuant to Local Civil Rule 54.1, and that deadline is extended to thirty days after the issuance of this opinion and order. *See Williams v. Colatosi*, No. 97-CV-417, 2001 WL 913922, at *2 (S.D.N.Y. Aug. 13, 2001) (declining to "penalize defendant for the technical deficiency" caused by filing a corrected bill of costs outside the thirty-day period, as "the original filing provided plaintiff with notice of all claimed expenses"). Accordingly, the Court defers a decision on costs at this time, and Extract may choose to pursue the procedure specified in Local Civil Rule 54.1

### III.     Conclusion

For the foregoing reasons, Defendant Extract's motion is DENIED IN PART and DEFERRED IN PART. Specifically, Extract's request for $32,797.50 in attorney's fees is denied, and the Court defers ruling on Extract's request for $1,012.28 in costs.

7

The Clerk of Court is directed to close the motion at ECF Number 31.

SO ORDERED.

Dated: March 18, 2024
       New York, New York

                                                                            _____
                                                                            J. PAUL OETKEN
                                                                     United States District Judge